J-S13025-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DERRICK W. GIBSON | |
| Appellant | No. 1152 WDA 2014 |

Appeal from the PCRA Order June 19, 2014
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0001901-2012

BEFORE:  BENDER, P.J.E., MUNDY, J., and STABILE, J.

MEMORANDUM BY  MUNDY, J.:                    **FILED APRIL 28, 2015**

Appellant, Derrick W. Gibson, appeals from the June 19, 2014 order denying his first petition for relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  After careful review, we affirm.

The certified record discloses the relevant facts and procedural history of this case as follows.  On February 20, 2012, Appellant went to his ex-girlfriend's house wherein he took his ex-girlfriend, the victim, into her bedroom, locked the door, pointed a loaded gun at her, and instructed her to undress so he could have sex with her and then kill her.  N.T., 10/31/12, at 10-12.  When the victim indicated she would comply, Appellant placed the gun on the bed, and a struggle for control of the gun ensued.  Eventually, the victim's brother kicked in the bedroom door, overpowered Appellant, and secured the gun.  The next day, an arrest warrant was issued, and Appellant

was arrested on February 23, 2012. On August 1, 2012, the Commonwealth filed an information charging Appellant with one count each of attempted rape by threat of forcible compulsion, attempted homicide, persons not to possess firearms, receiving stolen property, unlawful restraint, terroristic threats, possession of an instrument of crime, recklessly endangering another person, and simple assault.[1] On October 31, 2012, Appellant entered into an open guilty plea for attempted rape by forcible compulsion, persons not to possess firearms, and unlawful restraint. Pursuant to the plea agreement, the remaining charges were *nolle prossed*. Sentencing was postponed to allow the completion of a pre-sentence investigation report and a Megan's Law assessment. On February 25, 2013, the trial court imposed an aggregate judgment of sentence of 10½ to 21 years' imprisonment.[2] On March 7, 2013, Appellant filed a timely motion for modification of sentence,

_____

[1] 18 Pa.C.S.A. §§ 901(a) (to commit 3121(a)), 901(a) (to commit 2501(a)), 6105(a)(1), 3925(a), 2902(a)(2), 2706(a)(1), 907(a), 2705, and 2701(a)(3), respectively.

[2] Specifically, the trial court sentenced Appellant to a term of imprisonment of six and one-half to 13 years for attempted rape by threat of forcible compulsion. On the conviction for persons not to possess firearms, the trial court sentenced Appellant to a term of imprisonment of four to eight years to run consecutive to the sentence for attempted rape. On the conviction for unlawful restraint, the trial court sentenced Appellant to a term of imprisonment of one to three years to run concurrent to the sentence for persons not to possess firearms.

which was denied by operation of law on July 5, 2013. Appellant did not file a direct appeal with this Court.

On February 10, 2014, Appellant filed a timely *pro se* PCRA petition, and the PCRA court appointed counsel. On April 28, 2014, PCRA counsel filed a supplemental PCRA petition. On May 14, 2014, the PCRA court entered an opinion and notice of its intent to dismiss Appellant's PCRA petition without a hearing pursuant to Pennsylvania Rule of Criminal Procedure 907(1). Appellant did not file a response. The PCRA court entered a final order denying Appellant's PCRA petition without a hearing on June 19, 2014. On July 15, 2014, Appellant filed a timely notice of appeal.[3]

On appeal, Appellant raises the following issue for our review.

> [Whether] the PCRA [c]ourt erred in denying [Appellant]'s PCRA petition where he argued that he wished to withdraw his [guilty] plea but that his attorney failed to motion the court to do so[?]

Appellant's Brief at 1.

The following principles guide our review of an appeal from the denial of PCRA relief.

> On appeal from the denial of PCRA relief, our standard and scope of review is limited to determining whether the PCRA court's findings are

_____

[3] The PCRA court did not order Appellant to file a Rule 1925(b) statement, and the PCRA court filed a Rule 1925(a) memorandum opinion directing this Court to its May 15, 2014 opinion, which discusses its reasons for denying PCRA relief to Appellant.

> supported by the record and without legal error. [Our] scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the PCRA court level. The PCRA court's credibility determinations, when supported by the record, are binding on this Court. However, this Court applies a *de novo* standard of review to the PCRA court's legal conclusions.

***Commonwealth v. Medina***, 92 A.3d 1210, 1214-1215 (Pa. Super. 2014) (*en banc*) (internal quotation marks and citations omitted), *appeal granted*, 105 A.3d 658 (Pa. 2014). Further, in order to be eligible for PCRA relief, a petitioner must plead and prove by a preponderance of the evidence that his conviction or sentence arose from one or more of the errors listed at Section 9543(a)(2) of the PCRA. 42 Pa.C.S.A. § 9543(a)(2). These errors include ineffectiveness of counsel. ***Id.*** § 9543(a)(2)(ii). The issues raised in a PCRA petition must be neither previously litigated nor waived. ***Id.*** § 9543(a)(3).

Our standard of review for the dismissal of a PCRA petition without conducting a hearing is as follows.

> [T]he right to an evidentiary hearing on a post-conviction petition is not absolute. It is within the PCRA court's discretion to decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or other evidence. It is the responsibility of the reviewing court on appeal to examine each issue raised in the PCRA petition in light of the record certified before it in order to determine if the PCRA court erred in its determination that there were no genuine issues of material fact in controversy and in denying relief without conducting an evidentiary hearing.

*Commonwealth v. Wah*, 42 A.3d 335, 338 (Pa. Super. 2012) (internal citations omitted), *quoting* *Commonwealth v. Turetsky*, 925 A.2d 876, 882 (Pa. Super. 2007), *appeal denied,* 940 A.2d 365 (Pa. 2007); *see also* Pa.R.Crim.P. 907. "The controlling factor … is the status of the substantive assertions in the petition. Thus, as to ineffectiveness claims in particular, if the record reflects that the underlying issue is of no arguable merit or no prejudice resulted, no evidentiary hearing is required." *Commonwealth v. Baumhammers*, 92 A.3d 708, 726-727 (Pa. 2014) (citations omitted). We review a PCRA court's decision to dismiss without a hearing for an abuse of discretion. *Wah*, *supra*.

In his PCRA petition, Appellant alleges ineffective assistance of trial counsel. When reviewing a claim of ineffectiveness, we apply the following test, first articulated by our Supreme Court in *Commonwealth v. Pierce*, 527 A.2d 973 (Pa. 1987).

> [C]ourts presume that counsel was effective, and place upon the appellant the burden of proving otherwise. Counsel cannot be found ineffective for failure to assert a baseless claim.
>
> To succeed on a claim that counsel was ineffective, Appellant must demonstrate that: (1) the claim is of arguable merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) counsel's ineffectiveness prejudiced him.
>
> …

> [T]o demonstrate prejudice, appellant must show there is a reasonable probability that, but for counsel's error, the outcome of the proceeding would have been different.

*Commonwealth v. Michaud*, 70 A.3d 862, 867 (Pa. Super. 2013) (internal quotation marks and citations omitted). "Failure to establish any prong of the test will defeat an ineffectiveness claim." *Commonwealth v. Birdsong*, 24 A.3d 319, 329 (Pa. 2011).

Appellant's specific claim is that his trial counsel was ineffective for failing to file a motion to withdraw Appellant's guilty plea.[4] Appellant's Brief at 4. Appellant indicates that he asked his trial counsel to file said motion, but does not specify how he made the request or whether he made it before or after sentencing. *Id.*; *see also* Appellant's Supplemental Motion for Post Conviction Collateral Relief, 4/28/14, at 1-2 (unnumbered). He contends

_____

[4] Appellant comes perilously close to waiving his issue on appeal because his brief does not cite legal authorities or conduct any meaningful analysis of his issue. *See* Pa.R.A.P. 2119(a)-(b) (requiring an appellant to cite and discuss relevant legal authority); *Commonwealth v. Reyes-Rodriguez*, --- A.3d ---, 2015 WL 1068995, at *3 (Pa. Super. 2015) (finding ineffective assistance of counsel claim raised in PCRA petition waived because appellant "failed to develop his argument or cite authority"). Although Appellant sets forth the *Pierce* standard for ineffectiveness claims, his three sentences of legal analysis do not apply the *Pierce* test to this case. Appellant's Brief at 3-4; *see also Commonwealth v. Fears*, 86 A.3d 795, 804 (Pa. 2014) (concluding that the "failure to meaningfully discuss each of the three ineffectiveness prongs" renders claim "waived for lack of development[]"). Nevertheless, we decline to deem this issue waived, and we will review it because we can discern Appellant's general argument. *Cf. Green v. Green*, 69 A.3d 282, 286 n.2 (Pa. Super. 2013) (observing if an appellant's nonconformance Rule 2119 does not hinder review of the issues or prejudice the parties, this Court will address the merits of the appeal).

such a motion would have been meritorious because his plea was not voluntary, based on Appellant's uncertainty "at the time he entered his plea whether he wished to do so or not." Appellant's Brief at 4.

We note that "a defendant has no absolute right to withdraw a guilty plea; rather, the decision to grant such a motion lies within the sound discretion of the trial court." **Commonwealth v. Muhammad**, 794 A.2d 378, 382 (Pa. Super. 2002). The standard for deciding whether to grant a motion to withdraw a guilty plea varies based on when said motion is filed. Our Supreme Court has concluded that a request to withdraw a guilty plea made before sentencing should be "liberally allowed," and outlined the following two-part test for a pre-sentence motion "(1) the defendant has provided a 'fair and just reason' for withdrawal of his plea; and (2) the Commonwealth will not be 'substantially prejudiced in bringing the case to trial.'" **Id.** at 383, *quoting* **Commonwealth v. Forbes**, 299 A.2d 268, 271 (Pa. 1973). On the other hand, the standard for a post-sentence motion to withdraw a guilty plea is much higher. To obtain such relief, a defendant must make a "showing of prejudice on the order of manifest injustice." **Commonwealth v. Warren**, 84 A.3d 1092, 1096 (Pa. Super 2014). "A plea rises to the level of manifest injustice when it was entered into involuntarily, unknowingly, or unintelligently." **Commonwealth v. Lincoln**, 72 A.3d 606, 610 (Pa. Super. 2013), *appeal denied*, 87 A.3d 319 (Pa. 2014).

We conclude Appellant's claim of trial counsel's ineffectiveness fails, as Appellant has not demonstrated that his underlying claim was of arguable merit. Appellant failed to specify whether he instructed his trial counsel to file a motion to withdraw his guilty plea before or after sentencing. Without specifying when he made this directive, we cannot determine his likelihood of success. In his brief, Appellant did not apply either the pre- or the post-sentence standard for guilty plea withdrawal to argue that the trial court would have granted the motion. Accordingly, Appellant was not entitled to a hearing on his PCRA petition because his claim was patently frivolous and had no support in the record. **See Wah**, **supra**.

Further, Appellant's substantive claim is that he should have been permitted to withdraw his guilty plea because he did not enter into the guilty plea knowingly and voluntarily because he was "clearly not sure" he wanted to enter a guilty plea. Appellant's Brief at 4. The record belies Appellant's assertions. The guilty plea transcript reveals that Appellant pled guilty to the counts of attempted rape and persons not to possess firearms, but he hesitated and answered that he was not pleading guilty to unlawful restraint. The trial court informed Appellant that he did not have to enter a guilty plea and then confirmed Appellant's intention to plead guilty to unlawful restraint as follows.

> THE [TRIAL] COURT:    [W]hat they're saying here what you did is that in the course of the attempted rape and with the use -- that you held her so that she could not leave, against her will. That

- 8 -

> basically is what unlawful restraint is. So do you admit that that's what you did and plead guilty or plead not guilty?
>
> [APPELLANT]: Plead guilty.

N.T., 10/31/12, at 12. Appellant also executed a written guilty plea colloquy, which demonstrated that he intended to plead guilty to all three charges in exchange for the Commonwealth's agreement to *nolle prosse* all of the remaining charges. Appellant's Statement of Understanding of Rights Prior to Guilty Plea, 10/31/12. Accordingly, the record establishes that Appellant entered into the guilty plea knowingly, voluntarily, and intelligently. Therefore, Appellant has not demonstrated his claim was of arguable merit, and counsel was not ineffective for failing to raise a meritless claim. ***See Michaud***, ***supra***. As Appellant has failed to establish one prong of the ***Pierce*** test for ineffectiveness, his claim fails. ***See Birdsong***, ***supra***.

Based on the foregoing, we conclude that the PCRA court properly denied Appellant's supplemental petition without an evidentiary hearing as the record reflects Appellant's ineffectiveness claim is of no arguable merit. ***See Medina***, ***supra***; ***Baumhammers***, ***supra***. Accordingly, the PCRA court's June 19, 2014 order is affirmed.

Order affirmed.

- 9 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/28/2015