J-S02024-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| SHARKEEN KING | |
| Appellant | No. 89 EDA 2015 |

Appeal from the PCRA Order December 2, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0004751-2007,
CP-51-CR-0511211-2004, CP-51-CR-0709011-2006,
CP-51-CR-1301509-2006

BEFORE:  SHOGAN, J., LAZARUS, J., and STABILE, J.

MEMORANDUM BY LAZARUS, J.:                  **FILED JANUARY 25, 2016**

Sharkeen King appeals from the order, entered in the Court of Common Pleas of Philadelphia County, which dismissed his petition filed pursuant to the Post Conviction Relief Act (PCRA).[1]  After our review, we affirm.

The trial court summarized the facts of this matter as follows:

On February 15, 2007, [King] came before this [c]ourt and pled guilty to Possession with Intent to Deliver ("PWID") (35 Pa.C.S. § 780-113(a)(3)) and Prohibited Possession of a Firearm (18 Pa.C.S. 6105 ("VUFA § 6105")), as docketed on CP-51-CR-0511211-2004; and PWID, Conspiracy – PWID, and VUFA § 6105, as docketed on CP-51-CR-0709011-2006.  Sentencing was deferred for consolidation with [King's] two open matters.

---

[1] 42 Pa.C.S. §§ 9541-9546.

On April 3, 2007, [King] came before this [c]ourt and pled guilty to VUFA § 6105, as docketed on CP-51-CR-1301509-2006.

On June 15, 2007, [King] came before this Court and pled guilty to PWID, Conspiracy – PWID, and VUFA § 6105, as docketed on CP-51-CR-00047451-2007. On that same date, this Court sentenced [King] on all four dockets[.]

Trial Court Opinion, 3/24/15, at 1-2.

King was sentenced to an aggregate of eight to sixteen years' incarceration followed by three years of probation. King filed a timely direct appeal, which was dismissed because a docketing statement was not filed. Thereafter, King's direct appeal rights were reinstated via a *pro se* PCRA petition. This Court affirmed King's judgment of sentence on October 2, 2009. **See Commonwealth v. King**, 986 A.2d 1258 (Pa. Super. 2009) (unpublished memorandum). The Pennsylvania Supreme Court denied King's petition for allowance of appeal on April 14, 2010. Thus, King's judgment of sentence became final on July 13, 2010, upon the expiration of the ninety-day period for filing a writ of certiorari with the United States Supreme Court. **See** 42 Pa.C.S. § 9545(b)(3); U.S.Sup.Ct.R. 13.

Following the conclusion of his direct appeal, King filed a timely *pro se* PCRA petition ("First PCRA Petition") and waived his right to counsel. The PCRA court dismissed the First PCRA Petition without conducting a hearing, and King filed a timely notice of appeal. However, King failed to file a court-ordered concise statement of errors complained of on appeal, resulting in waiver of the issues raised. Additionally, while the matter was pending in this Court, King requested a remand to the PCRA court based upon newly-

discovered evidence regarding Philadelphia Police Officers Robert Snyder and Brian Reynolds. The officers were involved in King's arrests and were later charged with making false arrests.

This Court dismissed King's PCRA petition on January 9, 2014. *See Commonwealth v. King*, 96 A.3d 1078 (Pa. Super. 2014) (unpublished memorandum). This Court also denied King's request for remand without prejudice to allow King to raise his claims of newly-discovered evidence in a subsequent PCRA petition. King did so, filing the instant PCRA petition on March 6, 2014.

On appeal, King raises the following issues, *verbatim*:

1. The trial court erred in determining that King's "after discovered evidence" concerning the corruption and conviction of the arresting officers was meritless because King had originally pled guilty. Is King entitled to a remand to the trial court – the one and same trial court – that arbitrarily concluded King's claim was meritless because King pled guilty, and declined to analyze whether King had any plausible evidence to support his assertion?

2. The trial court erred in refusing to allow King to withdraw his plea after his sentencing, which would have enabled the correction of a manifest injustice. Is King entitled to have his plea withdrawn and/or a remand to the trial court determine whether his [a]fter [d]iscovered [e]vidence claim warrants relief?

Brief for Appellant, at iv.

Our standard and scope of review regarding the denial of a PCRA petition is well-settled. We review the PCRA court's findings of fact to determine whether they are supported by the record, and review its conclusions of law to determine whether they are free from legal error.

*Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa. 2014). The scope of our review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level. *Id.*

In order to be considered timely,

[a] PCRA petition, including a second or subsequent one, must be filed within one year of the date the petitioner's judgment of sentence became final, unless he pleads and proves one of the three exceptions outlined in 42 Pa.C.S. § 9545(b)(1). A judgment becomes final at the conclusion of direct review by [the Pennsylvania Supreme] Court or the United States Supreme Court, or at the expiration of the time for seeking such review. 42 Pa.C.S. § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional; therefore, a court may not address the merits of the issues raised if the petition was not timely filed. The timeliness requirements apply to all PCRA petitions, regardless of the nature of the individual claims raised therein. The PCRA squarely places upon the petitioner the burden of proving an untimely petition fits within one of the three exceptions.

*Commonwealth v. Jones*, 54 A.3d 14, 16-17 (Pa. 2012) (citations and footnote omitted).

The three statutory exceptions for an untimely petition under the PCRA consist of the following:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in

this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Additionally, a petition invoking a timeliness exception pursuant to the statute must "be filed within 60 days of the date the claim could have been presented." *Id.* at § 9545(b)(2).

Here, the instant PCRA petition was filed on March 6, 2014, well beyond one year after King's judgment of sentence became final on July 13, 2010. Thus, the petition is untimely on its face. However, the basis for the instant petition is newly-discovered evidence regarding false arrests made by police officers involved in King's arrests. As the trial court noted in finding that King satisfied the exception in section 9545(b)(1)(ii), "even with due diligence [King] could not have learned [earlier] that two of his arresting officers were subsequently charged with police corruption" leading to convictions for both officers. Trial Court Opinion, 3/24/15, at 9.

At the time King discovered the relevant information regarding his arresting officers via news articles, the First PCRA Petition was pending and was not dismissed until January 9, 2014. "[W]hen an appellant's PCRA appeal is pending before a court, a subsequent PCRA petition cannot be filed until the resolution of review of the pending PCRA petition by the highest state court in which review is sought, or upon the expiration of the time for seeking such review." *Commonwealth v. Lark*, 746 A.2d 585, 588 (Pa. 2000). Thus, the order dismissing the First PCRA Petition became final on February 8, 2014, at the conclusion of the time for King to seek review in our Supreme Court. King filed the instant PCRA petition on March 6, 2014,

satisfying the requirement to bring his claim within sixty days of the date it could be presented. 42 Pa.C.S. § 9545(b)(2). Therefore, we proceed to address King's petition on the merits.

King asserts that he is entitled to relief based upon newly-discovered evidence. To obtain an evidentiary hearing[2] to determine whether King is entitled to a new trial, he must demonstrate "the unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced." 42 Pa.C.S. § 9543(2)(vi). However, a court may dismiss a PCRA petition without a hearing when:

> the judge is satisfied from this review [of the petition] that **there are no genuine issues concerning any material fact and that the defendant is not entitled to post-conviction collateral relief**, and no purpose would be served by any further proceedings.

Pa.R.Crim.P. 907(1) (emphasis added).

The information that King presents is limited to news articles about his arresting officers indicating they were arrested and convicted of making false arrests in other cases. Our Supreme Court has stated that "[w]hile

---

[2] A portion of King's argument involves his assertion that an evidentiary hearing was held on September 15, 2014, at which he "attempted to present evidence he obtained pertaining to the arrest and conviction of the arresting officers." Brief for Appellant, at viii. We note, however, that the proceeding King refers to was not an evidentiary hearing, but rather a status conference in which the PCRA court announced its intention to dismiss the matter pursuant to Pa.R.Crim.P. 907.

newspaper articles can alert a party to the possible existence of evidence, the party must do more than attach the article" to demonstrate evidence exists that would necessitate a new trial. ***Commonwealth v. Castro***, 93 A.3d 818, 827 (Pa. 2014). Here, although the news articles demonstrate that King's arresting officers were found guilty of making false arrests, a serious form of misconduct, King nevertheless fails to proffer any evidence to show the officers falsely arrested him in his cases. Moreover, King pled guilty in each of his cases, thereby agreeing to the factual basis for the charges against him. The record provides no indication that King did not make knowing, voluntary, and intelligent pleas.

Additionally, King has failed to comply with the requirements to obtain an evidentiary hearing as prescribed in the PCRA:

> Where a petitioner requests an evidentiary hearing, the petition shall include a signed certification as to each intended witness stating the witness's name, address, date of birth and substance of testimony and shall include any documents material to that witness's testimony. Failure to substantially comply with the requirements of this paragraph shall render the proposed witness's testimony inadmissible.

42 Pa.C.S. § 9545(d).

For the foregoing reasons, King is not entitled to relief regarding his newly-discovered evidence claim. King's claim that he should be permitted to withdraw his guilty pleas is premised upon the same arguments and fails

to demonstrate manifest injustice[3] as is required to withdraw a guilty plea after sentencing. Thus, this claim also fails, and the PCRA court properly dismissed King's petition without a hearing.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/25/2016

---

[3] **See, e.g.**, **Commonwealth v. Muhammad**, 794 A.2d 378, 383 (Pa. Super. 2002).