**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Kaazim MUHAMMAD, Appellant.**

Superior Court of Pennsylvania.

Submitted Oct. 15, 2001.

Filed March 1, 2002.

---

7. In so holding, we do not express or suggest any opinion on the ultimate merit of Appellant's cause of action.

Michale P. Marryshow, Philadelphia, for appellant.

Catherine L. Marshall, Asst. Dist. Atty., Philadelphia, for Commonwealth, appellee.

Before McEWEN, P.J.E., STEVENS, J., and HESTER, J.

STEVENS, J.

¶ 1 This is an appeal from the judgment of sentence entered by the Court of Common Pleas of Philadelphia County on October 14, 1999, following Appellant's plea of guilty to charges of aggravated assault,[1] burglary,[2] and criminal conspiracy,[3] and a plea of *nolo contendere* to possession with intent to deliver a controlled substance.[4] Herein, he contends that the trial court abused its discretion in failing to allow him to withdraw his guilty plea. We affirm.

¶ 2 On December 10, 1998, Appellant and Abdul Salaam, co-defendant and brother of Appellant, brutally kicked and beat Ms. Camella Rainey into unconsciousness.[5] On August 11, 1999, Appellant appeared before the trial court and entered an open guilty plea to aggravated assault, burglary, and criminal conspiracy. Following a colloquy conducted by the court, the court accepted Appellant's plea and deferred imposition of sentence pending a pre-sentence investigation. N.T. 8/11/99 at 32.

1. 18 Pa.C.S.A. § 2702.

2. 18 Pa.C.S.A. § 3502.

3. 18 Pa.C.S.A. § 903.

4. 18 Pa.C.S.A. § 1316.

¶ 3 On October 12, 1999, Appellant's sentencing proceeding began with counsel for Appellant informing the court that Appellant did not wish to go forward with his plea and wanted to withdraw his plea. N.T. 10/12/99 at 4–5. When questioned by the court as to the basis for the withdrawal of his plea, Appellant responded, "Because I feel as though, you know, I was coerced to do that because my attorney, he telling me I'm getting a hundred and something years, $200,000 and -". *Id.* at 5. The court explained to Appellant that it was his attorney's obligation to inform him of the maximum penalties. The court proceeded to question Appellant as follows:

**THE COURT:** Are you telling me that you did not kick this lady[, Ms. Rainey]?

**DEFENDANT MUHAMMAD:** Yes.

**THE COURT:** Are you telling me that you did not beat this lady up senseless?

**DEFENDANT MUHAMMAD:** Yes.

**THE COURT:** Are you telling me you did not chase this lady up the street?

**DEFENDANT MUHAMMAD:** Yes.

*Id.* at 8. Following Appellant's responses, the court stated that the plea would be withdrawn and the case set for trial. *Id.*

¶ 4 As the proceeding continued, however, counsel for the Commonwealth indicated that the Commonwealth was in a different posture than it was when Appellant's plea was initially entered, because of events that transpired the previous week. Counsel went on to call upon Ms. Rainey, who testified, *inter alia*, that on October 5, 1999, she was kidnapped at gunpoint by a

5. Notes of testimony indicate that Ms. Rainey, who was thirty-six-years-old at the time of the assault, weighed less than 100 pounds. N.T. 8/11/99 at 9.

male named Shannon, and held for a period of approximately 20 hours. *Id.* at 13–19. After hearing this testimony, the court, in an attempt to clear the record, indicated that Appellant was scheduled to be sentenced the previous week, specifically, October 6, 1999; however, on that day, Appellant wanted to withdraw his plea. *Id.* at 24. The court stated it was later informed Appellant again wanted to proceed by way of guilty plea; hence, the present proceeding was scheduled, adding "and now again this morning he wants to withdraw his plea." *Id.* Following an exchange between the court, Appellant, and Appellant's attorney, the court said to Appellant, "There is one question before you. Do you wish to withdraw your guilty plea in Ms. Rainey's case?" Appellant responded, "No, ma'am." *Id.* at 28.

¶ 5 The court stated it was advised that Appellant wished to enter a plea of guilty to a pending charge of possession with intent to deliver a controlled substance. Following discussion with Appellant, Appellant entered a plea of *nolo contendere* to this charge. As to the incident concerning Ms. Rainey, the court heard from Appellant's mother, Appellant's counsel, Ms. Rainey, and Appellant, who acknowledged what he did was wrong. *Id.* at 86. Appellant went on to state as follows: "I apologize to Ms. Rainey for doing what I was doing . . . ." *Id.* at 88. The court then spoke to Appellant and the following relevant exchange transpired:

> **The Court:** I am going to sentence you to 10 to 20 years incarceration on the aggravated assault against Camella Rainey, and I am going to sentence you to two-and-a-half to five on the drug case.

> **Defendant Muhammad:** Excuse me, your Honor.

> **The Court:** Yes.

> **Defendant Muhammad:** If you was going to sentence me to this, you know, I might as well, you know -

> **The Court:** You want to go before a jury?

> **Defendant Muhammad:** Yes.

*Id.* at 93–94. The court stated that it would allow Appellant to think about his decision and return to court the next morning.

¶ 6 The following day, Appellant appeared and informed the court that he wished to go to trial on the charges regarding Ms. Rainey. N.T. 10/13/99 at 2. Counsel for Appellant also requested time to file a formal motion to withdraw Appellant's plea. The court stated that Appellant was going to trial on these charges, but that it was necessary to return to court the next day so that Commonwealth counsel Steve Collier, who previously had been involved in the matter, could be present and state his position on the matter.[6] *Id.* at 4.

¶ 7 The following day, October 14, 1999, Appellant presented to the court a Motion to Withdraw Guilty Plea. The court conducted a hearing on the Motion, at which time Appellant was asked his reason for withdrawing his guilty plea. Appellant responded as follows: "Because my attorney Mike Contos is like, when I talked to him, he tell me he can't win a case, or when we talk, he get mad at me. You going to get found guilty and do a lot of years." 10/14/99 at 5. Appellant added, "Then the other attorney talking about it's going to be—big dudes going to, you know, do

---

6. Although the court concluded the proceeding by stating that Appellant was going to trial and the offer from the Commonwealth was rejected, it was also reiterated that the parties were to return to court the following day, October 14, 1999, for further discussion on the record.

things to you in that jail, like talking." *Id.* Appellant further stated that he felt his attorney was forcing him to do something he did not want to do. *Id.* at 7.

¶ 8 During the hearing, the court questioned Appellant as follows:

**Q:** Do you remember telling the Judge that you're sorry about what happened? This was during your sentencing part. Do you remember that?

**A:** Yeah. I am sorry about what happened, but I never said I did it. I just said I am sorry about what happened.

*Id.* at 14.

¶ 9 After hearing from Appellant, the court stated, in part, as follows:

Very good. Mr. Muhammad, the standard by which the law allows me to accept the withdrawal of a guilty plea is manifest injustice. I find no basis for manifest injustice in this situation.

. . . .

The standard, the legal standards for manifest injustice have not been made out in this case. You have had more than ample time to consider your situation and your decision. You have told me multiple times what you wish to do. I believe that your efforts at this point are an outgrowth of your desire to manipulate the Court. I see no basis for withdrawing the guilty plea.

*Id.* at 15–16.

¶ 10 We agree with the trial court's above assessment of Appellant, in that Ap-

pellant's representations and actions clearly evidence an attempt to manipulate the court.

¶ 11 The trial court went on to reiterate the sentence previously imposed on October 12, 1999: a ten (10) to twenty (20) year term of imprisonment for aggravated assault [7] and two and one-half (2 ½) to five (5) year term for the drug charge. *Id.* at 16. Appellant filed a Motion to Modify Sentence, which was denied by the court on October 18, 1999. The present appeal followed.[8]

■ ¶ 12 Herein, Appellant contends that the court abused its discretion in failing to allow him to withdraw his guilty plea, which he claims was entered into unknowingly and involuntarily. Specifically, he argues that: he was not advised on the record of the nature of the charges against him; he did not read the written plea colloquy at the time of his plea; his counsel coerced him into pleading guilty; he twice proclaimed his innocence; and he requested to withdraw his plea prior to sentencing.[9]

■ ¶ 13 We begin with the principle that a defendant has no absolute right to withdraw a guilty plea; rather, the decision to grant such a motion lies within the sound discretion of the trial court. *Commonwealth v. Hutchins*, 453 Pa.Super. 209, 683 A.2d 674, 675 (1996). In the seminal

---

**7.** Documentation in the record indicates that Appellant was sentenced to concurrent ten (10) to twenty (20) year terms of imprisonment for burglary and criminal conspiracy. *See* Court Commitment Sheets signed by the court and dated 10/14/99.

**8.** Pursuant to the court's order to do so, Appellant filed a Statement Of Matters Complained Of On Appeal, to which the court issued an Opinion in accordance with Pa. R.A.P.1925(a).

**9.** We note that to the extent Appellant argues in the context of his brief that, during his guilty plea colloquy, he was not informed of his presumption of innocence, this claim was not raised in his Statement of Matters Complained on Appeal and, therefore, is deemed waived. *Commonwealth v. Lord*, 553 Pa. 415, 719 A.2d 306 (1998).

case of *Commonwealth v. Forbes,* 450 Pa. 185, 299 A.2d 268 (1973), the Supreme Court set forth the standard for determining when a motion to withdraw a guilty plea prior to sentencing should be granted. The Court stated that "[a]lthough there is no absolute right to withdraw a guilty plea, properly received by the trial court, it is clear that a request made before sentencing ... should be liberally allowed." 450 Pa. at 190, 299 A.2d at 271. The Court then outlined the now well-established two prong test for determining when to grant a pre-sentence motion to withdraw a plea: (1) the defendant has provided a "fair and just reason" for withdrawal of his plea; and (2) the Commonwealth will not be "substantially prejudiced in bringing the case to trial." *Id.*

¶ 14 The standard for withdrawal of a guilty plea after imposition of sentence is much higher; a "showing of prejudice on the order of manifest injustice is required before withdrawal is properly justified." *Commonwealth v. Carpenter,* 555 Pa. 434, 454, 725 A.2d 154, 164 (1999) (*quoting Commonwealth v. Shaffer,* 498 Pa. 342, 346, 446 A.2d 591, 593 (1982)). "A plea rises to the level of manifest injustice when it was entered into involuntarily, unknowingly, or unintelligently." *Commonwealth v. Stork,* 737 A.2d 789, 790 (Pa.Super.1999) (citation omitted).

¶ 15 A showing of manifest injustice is required after imposition of sentence since, at this stage of the proceeding, permitting the liberal standard enunciated in *Forbes* might encourage the entrance of a plea as a "sentence testing device." *Commonwealth v. Muntz,* 428 Pa.Super. 99, 630 A.2d 51, 53 (1993) (*citing Commonwealth v. Starr,* 450 Pa. 485, 489, 301 A.2d 592, 594 (1973)). We note that disappoint-

ment by a defendant in the sentence actually imposed does not represent manifest injustice. *See Commonwealth v. Munson,* 419 Pa.Super. 238, 615 A.2d 343 (1992).

¶ 16 In the present case, Appellant claims that he requested to withdraw his guilty plea prior to sentencing. A review of the scenario that transpired in the courtroom on October 12, 1999, reveals that, prior to sentencing, a request was made by Appellant to withdraw his plea. However, after the Commonwealth presented the testimony of the victim, Ms. Rainey, Appellant informed the court that he did not wish to withdraw his plea, N.T. 10/12/99 at 28, and acknowledged what he did was wrong and apologized to Ms. Rainey. *Id.* at 86, 88. It was only after the court imposed sentence that Appellant indicated that he wished to proceed before a jury. *Id.* at 93–94. As such, we will address Appellant's claim based on the standard to be applied to a request for withdrawal of a guilty plea after the imposition of sentence.[10]

¶ 17 As discussed above, to establish manifest injustice, Appellant must show that his plea was entered in an involuntary, unknowing, or unintelligent manner. *Stork,* 737 A.2d at 790. To ascertain whether Appellant acted in such manner, we must examine the guilty plea colloquy. The colloquy must inquire into the following areas: "(1) the nature of the charges; (2) the factual basis of the plea; (3) the right to trial by jury; (4) the presumption of innocence; (5) the permissible range of sentences; and (6) the judge's authority to depart from any recommended sentence." *Commonwealth v. Burkholder,* 719 A.2d 346, 349 n. 5 (Pa.Super.1998) (citation omitted). This Court evaluates the adequacy of the guilty plea colloquy and the

10. As evidenced by the discussion *supra,* the trial court applied this standard in reaching its determination on Appellant's Motion to Withdraw Plea.

voluntariness of the resulting plea by examining the totality of the circumstances surrounding the entry of that plea. *Commonwealth v. Lewis*, 708 A.2d 497, 501 (Pa.Super.1998).

¶ 18 Appellant argues that, prior to the entry of his plea, he was not apprised of the nature of the charges against him. The certified record belies this contention. At the outset of the proceeding, Attorney Steven Collier, counsel for the Commonwealth, stated that the Commonwealth was proceeding on three charges: felony one aggravated assault against Ms. Rainey, felony one burglary; and conspiracy, in that Appellant and his brother did both the aggravated assault and burglary together. N.T. 8/11/99 at 3. Attorney Collier then went on to set forth the evidence the Commonwealth would have presented in the case. The court noted that, "as a matter of law the Commonwealth can make out the elements to prove aggravated assault, burglary and conspiracy." *Id.* at 19. As such, Appellant's claim that he was not apprised of the nature of the charges against him is without merit.

¶ 19 Appellant next contends that he did not read the written plea colloquy at the time of his plea. He does not claim, however, that his alleged failure to read such plea caused him, in any way, to enter his plea in an unknowing or involuntary manner, or to be uninformed of the basic tenets underlying the entry of a guilty plea. *See Burkholder*, 719 A.2d at 349 n. 5. Thus, this claim, too, is without merit.

¶ 20 Appellant also asserts that his counsel coerced him into pleading guilty. Prior to the entry of Appellant's plea, the following relevant exchange transpired between the court and Appellant:

THE COURT: Mr. Muhammad, is it your voluntary decision today to enter into a guilty plea and give up your right to a trial?

DEFENDANT MUHAMMAD: I don't understand about voluntary.

THE COURT: Are you making your own decision? Is anyone forcing you or threatening you in any way to enter into a guilty plea today?

DEFENDANT MUHAMMAD: Nobody ain't threatening me, but they saying that they can't beat the case.

N.T. 8/1/99 at 17–18.

■ ¶ 21 We note that one is bound by one's statements made during a plea colloquy, and may not successfully assert claims that contradict such statements. *Commonwealth v. Barnes*, 455 Pa.Super. 267, 687 A.2d 1163, 1167 (1996). Based on Appellant's foregoing representation to the court, he is now precluded from asserting the claim that his attorney forced him into entering a plea of guilty. Therefore, Appellant's contention fails.

¶ 22 Finally, Appellant argues that he twice proclaimed his innocence. As discussed above, a review of the record reveals that, at the October 12, 1999 proceeding, Appellant requested to withdraw his plea and, upon questioning by the court, denied assaulting Ms. Rainey. N.T. 10/12/99 at 7–8. However, after Ms. Rainey testified, Appellant stated that he did not wish to withdraw his plea, and went on to acknowledge what he did was wrong and apologized to Ms. Rainey. *Id.* at 86, 88. Therefore, Appellant clearly recanted his assertions of innocence after hearing the testimony of Ms. Rainey.

¶ 23 In addition, at the hearing on Appellant's Motion to Withdraw Guilty Plea, when asked by the court if he remembered the representations he made before the court on October 12, 1999, expressing sorrow for his actions, Appellant merely responded, "Yeah. I am sorry about what happened, but I never said I did it. I just said I am sorry what happened." N.T. 10/14/99 at 14. Contrary to what Appel-

lant now contends, he did not unequivocally proclaim his innocence. Therefore, Appellant's claim predicated on this basis is without merit.

¶ 24 Following our review of the record, we find that Appellant failed to demonstrate that his guilty plea was entered in an involuntary, unknowing, or unintelligent manner. As such, he did not establish the manifest injustice necessary for the post-sentence withdrawal of his guilty plea.[11] Moreover, we find that Appellant's attempt to withdraw his guilty plea at this juncture is nothing more than a manipulation of court proceedings to further delay his sentencing. Accordingly, we hold that the trial court did not err in denying Appellant's motion to withdraw his plea, and we affirm the judgment of sentence.

¶ 25 Affirmed.

¶ 26 McEWEN, P.J.E., concurs in the result.

**11.** In arguing that the motion to withdraw his guilty plea should have been granted by the trial court, Appellant cites, *inter alia, Forbes*, 299 A.2d at 269. Brief of Appellant at 12. Assuming that Appellant is contending that the liberal standard for withdrawal of a plea should have been applied by the court, we find that he failed to provide a "fair and just reason" for withdrawal; for, as discussed above, the basis for his request was that his attorney informed him that his case could not be won, and that he would receive many years in prison. *See* N.T. 10/14/99 at 5. As such, Appellant's request for withdrawal would, also, fail under this standard.