J-S07013-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOHN F. LASHINSKY, | |
| Appellant | No. 1194 MDA 2014 |

Appeal from the Judgment of Sentence June 2, 2014
In the Court of Common Pleas of Centre County
Criminal Division at No(s): CP-14-CR-0002217-2013

BEFORE:  BENDER, P.J.E., OLSON, J., and OTT, J.

MEMORANDUM BY BENDER, P.J.E.:          **FILED FEBRUARY 25, 2015**

John F. Lashinksy (Appellant) appeals from the judgment of sentence of two years' probation, imposed June 2, 2014, following his plea of guilty to two counts of disorderly conduct.[1]  We affirm.

In December 2013, Appellant was charged with stalking and harassment for conduct directed toward the victim, Joan Colombero.[2] Thereafter, in June 2014, Appellant entered into a negotiated plea agreement, pursuant to which Appellant agreed to plead guilty to two counts of disorderly conduct in exchange for a recommendation from the

_____

[1] 18 Pa.C.S. § 5503(a)(4).

[2] Respectively, 18 Pa.C.S. §§ 2709.1(a)(1) and 2709(a)(2.)

Commonwealth for a two-year probationary sentence, as well as an order directing no contact with the victim.

With the assistance of counsel, Appellant completed a written guilty plea colloquy. Appellant claims to suffer from post-traumatic stress disorder (PTSD) brought on by the loss of his eyesight. Counsel read the form to Appellant and entered hand-written responses as necessary. Appellant initialed each page and signed the colloquy, affirming that his plea was knowing and voluntary.

Following counsel's explanation of the manner in which Appellant's written colloquy was completed, the trial court accepted it into the record. The court conducted an oral colloquy, whereupon the court accepted Appellant's plea and imposed the Commonwealth's sentencing recommendation.

Appellant timely filed a post-sentence motion, seeking to withdraw his plea on the ground that his PTSD rendered his plea invalid. Appellant also claimed the probation department sought to impose "domestic violence conditions" on him that were in violation of his plea agreement.[3] Following a hearing, the trial court denied Appellant's motion. Nevertheless, the court clarified that Appellant's probation "should **not** be treated as a specific

---

[3] The record indicates that Appellant's probation officer intended to require Appellant to attend a "batterer's intervention class." Notes of Testimony (N.T.), 6/24/2014, at 4.

domestic violence case in their probation conditions." *See* Trial Court Order, 7/16/2014 (emphasis in original). Appellant timely appealed and filed a court-ordered Pa.R.A.P. 1925(b) statement. The trial court filed a responsive opinion.

The sole issue on appeal is whether the trial court erred in denying Appellant's motion to withdraw his guilty plea. "[A] defendant has no absolute right to withdraw a guilty plea; rather, the decision to grant such a motion lies within the sound discretion of the trial court." *Commonwealth v. Muhammad*, 794 A.2d 378, 382 (Pa. Super. 2002). After imposition of sentence, a defendant must demonstrate "prejudice on the order of manifest injustice … before withdrawal is properly justified." *Id.* at 383 (quoting *Commonwealth v. Carpenter*, 725 A.2d 154, 164 (Pa. 1999)). "A plea rises to the level of manifest injustice when it was entered into involuntarily, unknowingly, or unintelligently." *Id.* (quoting *Commonwealth v. Stork*, 737 A.2d 789, 790 (Pa. Super. 1999)).

> To ascertain whether Appellant acted in such manner, we must examine the guilty plea colloquy. The colloquy must inquire into the following areas: (1) the nature of the charges; (2) the factual basis of the plea; (3) the right to trial by jury; (4) the presumption of innocence; (5) the permissible range of sentences; and (6) the judge's authority to depart from any recommended sentence. This Court evaluates the adequacy of the guilty plea colloquy and the voluntariness of the resulting plea by examining the totality of the circumstances surrounding the entry of that plea.

*Id.* at 383-84 (internal quotations and citations omitted).

According to Appellant, the trial court was specifically apprised of Appellant's physical and mental limitations. Appellant asserts that the written colloquy "definitely stated" that his PTSD "impacted [his] ability to understand what he was doing by entering the plea." Appellant's Brief, at 14. Appellant concludes that these factors obligated the trial court "to probe deeper" into whether Appellant's plea was truly voluntary and that its failure to do so was "an abrogation of its obligations." *Id.* at 14-15. We disagree.[4]

First, the record does not support Appellant's assertion that the written colloquy stated "definitely" that Appellant's ability to understand the plead proceedings was compromised. To the contrary, Question 45 of the written colloquy asked, "Have you ever had a mental illness that would affect your ability to understand your rights or these proceedings, or that would affect your ability to act voluntarily in entering this plea?" Appellant's Written Colloquy, 6/9/2014, at 5 (unnumbered). Appellant answered, "No." *Id.* In this context, Appellant noted further that he had PTSD brought on by his loss of sight. *Id.* However, Appellant did not assert, or even suggest, that his condition impacted his ability to understand his rights or act voluntarily.

_____

[4] In the summary of argument section of his brief, Appellant asserts that the trial court "erred when it denied Appellant the opportunity to present a complete record of [his] impairment due to an erroneous evidentiary ruling at the hearing on [his] post-sentence motion." Appellant's Brief, at 12. Because the record is devoid of support for this assertion, we deem it frivolous. Further, Appellant makes no effort to develop an argument in this regard. Thus, it is waived. *See McEwing v. Lititz Mut. Ins. Co.*, 77 A.3d 639, 647 (Pa. Super. 2013).

Second, we have reviewed the oral colloquy of the trial court and discern no error. Counsel specifically noted for the court Appellant's condition. Thereafter, the court inquired whether (1) Appellant was entering his plea voluntarily; (2) he understood the charges against him; (3) Appellant agreed there was a factual basis for his plea; (4) he understood his right to a jury trial and the presumption of innocence; (5) he understood the range of sentences and fines for the offenses charged; and (6) he understood that the court was not bound by the terms of the plea agreement unless accepted by the court. *See* N.T., 6/2/2014, at 4-6. To each question, Appellant answered "yes," or "I do," or "I understand." *Id.* Appellant is bound by his answers. *See Commownealth v. Barnes*, 687 A.2d 1163, 1167 (Pa. Super. 1996). Therefore, we conclude that Appellant's colloquy was adequate and that his plea was voluntary. *See Muhammad*, 794 A.2d at 383-84.

Appellant has failed to demonstrate prejudice on the order of manifest injustice. *Id.* Accordingly, we affirm his judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/25/2015

- 5 -