J-S61032-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| CHAD W. LEONHART, | : | |
| | : | |
| Appellant | : | No. 159 WDA 2016 |

Appeal from the PCRA Order January 7, 2016
in the Court of Common Pleas of Crawford County,
Criminal Division, No(s):  CP-20-CR-0001000-2012

BEFORE:  PANELLA, LAZARUS and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:                **FILED AUGUST 16, 2016**

Chad W. Leonhart ("Leonhart") appeals from the Order dismissing his first Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").  *See* 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

On January 10, 2013, Leonhart was charged with 300 counts of sexually violent offenses against his step-son, who was under the age of thirteen.  Prior to trial, Leonhart was given a plea offer to plead guilty to one count, count forty-six, of involuntary deviate sexual intercourse.[1]  In exchange for Leonhart's guilty plea, he would receive a 10 to 20 year prison term, 10 years of probation, and no determination of Leonhart being a sexually violent predator.  Leonhart indicated that he would accept the plea offer if he could plead no contest.  However, the Commonwealth stated that

---

[1] 18 Pa.C.S.A. § 3123(b).

it would only accept a guilty plea. Leonhart subsequently rejected the plea offer, and the case proceeded to a jury trial.

Prior to trial, the Commonwealth withdrew counts 1 through 33, 70 through 90, 116 through 136, 149 through 169, 182 through 202, and 215 through 235. At the close of trial, the trial court granted Leonhart's Motion for judgment of acquittal with regard to counts 63 through 69 and counts 208 through 214. On November 8, 2013, the jury found Leonhart guilty of 81 counts of sexually violent offenses against a child. On that same date, the trial court sentenced Leonhart to an aggregate term of 64 to 140 years in prison. This Court affirmed the judgment of sentence, and the Pennsylvania Supreme Court denied Leonhart's Petition for allowance of appeal. *See Commonwealth v. Leonhart*, 104 A.3d 39 (Pa. Super. 2014) (unpublished memorandum), *appeal denied*, 104 A.3d 524 (Pa. 2014).

On June 9, 2015, Leonhart filed the instant PCRA Petition. The PCRA court appointed Leonhart counsel, who filed an Amended PCRA Petition. The PCRA court issued a Pa.R.Crim.P. 907 Notice. Thereafter, on January 7, 2016, the PCRA court dismissed Leonhart's PCRA Petition. Leonhart filed a timely Notice of Appeal and a court-ordered Pa.R.A.P. 1925(b) Concise Statement.

On appeal, Leonhart raises the following question for our review: "Should Leonhart be entitled to relief under the Post Conviction Relief Act,

42 Pa.C.S.A. § 9541 *et seq.*, when he was forced to go to trial while 'butting heads' with trial counsel?" Brief for Appellant at 4.

> Our standard of review of a PCRA court's denial of a petition for post [-] conviction relief is well settled: [W]e must examine whether the record supports the PCRA court's determination, and whether the PCRA court's determination is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.

***Commonwealth v. Franklin***, 990 A.2d 795, 797 (Pa. Super. 2010) (citation omitted).

> The right to an evidentiary hearing on a post-conviction petition is not absolute. It is within the PCRA court's discretion to decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or other evidence. It is the responsibility of the reviewing court on appeal to examine each issue raised in the PCRA petition in light of the record certified before it in order to determine if the PCRA court erred in its determination that there were no genuine issues of material fact in controversy and in denying relief without conducting an evidentiary hearing.

***Commonwealth v. Wah***, 42 A.3d 335, 338 (Pa. Super. 2012) (citations and brackets omitted).

Leonhart argues that his trial counsel, Bruce Barrett, Esquire ("Attorney Barrett"), was ineffective because Leonhart was not able to discuss the Commonwealth's plea offer without "butting heads" with Attorney Barrett, which ultimately caused Leonhart to reject the plea offer. ***See*** Brief for Appellant at 7. Leonhart claims that if he had alternate counsel, he would have been better able to understand the plea offer, and the ramifications of rejecting the plea offer. ***Id.*** at 8. Thus, Leonhart

asserts that he was entitled to an evidentiary hearing to determine whether he had sufficient representation at time he was considering the plea. *Id.*

It is well-established that counsel is presumed to have provided effective representation unless the PCRA petition pleads and proves all of the following: (1) the underlying legal claim is of arguable merit; (2) counsel's action or inaction lacked any objectively reasonable basis designed to effectuate his client's interest; and (3) prejudice, to the effect that there was a reasonable probability of a different outcome if not for counsel's error. The PCRA court may deny an ineffectiveness claim if the petitioner's evidence fails to meet a single one of these prongs. Moreover, a PCRA petitioner bears the burden of demonstrating counsel's ineffectiveness.

*Franklin*, 990 A.2d at 797 (citations omitted).

"[C]ounsel has a duty to communicate plea bargains to his client, as well as to explain the advantages and disadvantages of the offer." *Commonwealth v. Marinez*, 777 A.2d 1121, 1124 (Pa. Super. 2001). "Failure to do so many be considered ineffectiveness of counsel if the defendant is sentenced to a longer prison term than the term he would have accepted under the plea bargain." *Id.* However, the decision to accept or reject a plea deal is ultimately left to the accused. *Commonwealth v. Copeland*, 554 A.2d 54, 60 (Pa. Super. 1988).

Here, the trial court conducted a colloquy with Leonhart regarding the plea deal. *See* N.T., 5/20/13, at 5-21. Leonhart stated that he had a full and complete opportunity to discuss the decision to reject the Commonwealth's plea offer with Attorney Barrett, and that he understood the charges against him. *Id.* at 17-19. Leonhart admitted that he was

aware of the permissible range of sentences available if he went to trial. ***Id.***
at 18-19. Leonhart also stated that he fully understood the plea agreement,
and that he was rejecting it. ***Id.*** at 21.

Leonhart's statements during his on-the-record colloquy demonstrate
he knowingly rejected the plea offer. ***See Commonwealth v. Muhammad***,
794 A.2d 378, 384 (Pa. Super. 2002) (stating that the appellant is bound by
statements made during a colloquy); ***see also Copeland***, 554 A.2d at 60.
Thus, Leonhart's ineffectiveness claim is without arguable merit and there is
no need for an evidentiary hearing on this issue. ***See Wah***, 42 A.3d at 338.
Based on the foregoing, we affirm the PCRA court's dismissal of Leonhart's
PCRA Petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/16/2016

- 5 -