J-S57027-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| MARK MCKAY | : | |
| | : | |
| Appellant | : | No. 3778 EDA 2017 |

Appeal from the Judgment of Sentence Entered June 6, 2017
in the Court of Common Pleas of Bucks County
Criminal Division at No.:  CP-09-CR-0008249-2016

BEFORE:   PANELLA, J., PLATT*, J., and STRASSBURGER*, J.

MEMORANDUM BY PLATT, J.:                **FILED NOVEMBER 08, 2018**

Appellant, Mark McKay, appeals from the judgment of sentence imposed after his open guilty plea to two counts of delivery of a controlled substance, and one count each of possession of a controlled substance, possession of drug paraphernalia, and criminal use of a communication facility.[1] Specifically, he challenges the trial court's denial of his post-sentence motion to withdraw his plea.  We affirm.

On June 6, 2017, Appellant pleaded guilty to the above charges, which stemmed from his sale of methamphetamine to a confidential informant on two occasions in October 2016.  The court sentenced him to an aggregate

---

[1] 35 P.S. §§ 780-113(a)(30), (16), and (32); and 18 Pa.C.S.A. § 7512(a), respectively.

---

*   Retired Senior Judge assigned to the Superior Court.

term of incarceration of not less than ten nor more than twenty years. On June 14, 2017, Appellant filed a petition to withdraw his guilty plea, which the court denied on November 9, 2017 after a hearing. Appellant timely appealed.[2]

Appellant raises two questions for our review: "Was [Appellant's] use of drugs prior to his plea sufficient to establish manifest injustice?" and "Was [Appellant] competent when he entered the guilty plea?" (Appellant's Brief, at 5) (most capitalization omitted).

Both of Appellant's issues challenge the court's denial of his motion to withdraw his guilty plea. (*See id.* at 11-19). Specifically, although he concedes that the colloquy was thorough, he maintains his guilty plea was not knowing, intelligent, and voluntary because he was innocent and only entered the plea because he recently had ingested narcotics and he was distressed about his son, who had elected not to testify on his behalf. (*See id.*). Appellant is due no relief.

"We begin with the principle that a defendant has no absolute right to withdraw a guilty plea; rather, the decision to grant such a motion lies within the sound discretion of the trial court." *Commonwealth v. Muhammed*, 794 A.2d 378, 382 (Pa. Super. 2002) (citation omitted). Further:

_____

[2] Pursuant to the court's order, Appellant filed a timely concise statement of errors complained of on November 28, 2017. The court filed an opinion on March 15, 2018. *See* Pa.R.A.P. 1925.

The standard for withdrawal of a guilty plea after imposition of sentence [requires] a showing of prejudice on the order of manifest injustice . . . before withdrawal is properly justified. A plea rises to the level of manifest injustice when it was entered into involuntarily, unknowingly, or unintelligently.

A showing of manifest injustice is required after imposition of sentence since, at this stage of the proceeding, permitting [a] liberal standard . . . might encourage the entrance of a plea as a sentence testing device. We note that disappointment by a defendant in the sentence actually imposed does not represent manifest injustice.

\* \* \*

. . . This Court evaluates the adequacy of the guilty plea colloquy and the voluntariness of the resulting plea by examining the totality of the circumstances surrounding the entry of that plea.

\* \* \*

We note that one is bound by one's statements made during a plea colloquy, and may not successfully assert claims that contradict such statements. . . .

*Id.* at 383-84 (citations and quotation marks omitted).

Here, Appellant's claims of innocence and the invalidity of his plea are belied by the record. First, as to his claim of innocence, in his written guilty plea colloquy, he admitted he was guilty of the crimes with which he had been charged. (**See** Exhibit D-1, Guilty Plea Colloquy, 6/06/17, at 3). During the guilty plea hearing, Appellant confirmed that he answered the questions on the written colloquy truthfully, and he acknowledged that he delivered controlled substances as alleged and the truth of the factual basis for his guilty plea. (**See** N.T. Guilty Plea, 6/06/17, at 49, 57).

Next, as to Appellant's claim that he did not enter a knowing and voluntary plea because of drugs and stress, the trial court explains:

During the on-the-record colloquy, [Appellant] explicitly stated that he understood everything that was contained in the written guilty plea colloquy and that he did not have any questions about its contents. (*See id.* at 28-29). Th[e] court then conducted an extensive colloquy on the record with regard to the elements of the crimes, the maximum sentences that could be imposed, the discretion of the court with regard to imposition of concurrent or consecutive sentences, waiver of his right to litigate pre-trial motions or appeal pre-trial rulings, the jury selection process, the presumption of innocence, his right of confrontation, his right not to testify or present evidence and that [] jurors would be instructed that they could not draw negative inference from the assertion of that right, his right to testify or present evidence should he [choose] to do so, the Commonwealth's burden of proof, and the requirement that the jury verdict be unanimous. [(*See id.* at 27-54).] [Appellant] was asked more than ten times whether he understood what was being explained to him. Each time he responded, "Yes, ma'am." (*Id.* at 34-35, 38-41, 43, 46, 48, 54).

Contrary to [Appellant's] assertion, there was no evidence that he was experiencing cognitive difficulties due to his drug use. [Appellant] was alert and responsive during the guilty plea colloquy. The recordings of his telephone conversations immediately before and after the guilty pleas were entered established that his ability to think clearly and to communicate his thoughts were unimpaired. During the guilty plea colloquy [Appellant] was asked if he had any mental health issues. He responded, "No, ma'am." He was asked, "Are you abusing at this time any drugs or alcohol?" He responded, "No, Ma'am." (*Id.* at 49). [Appellant] was asked, "[D]id you ingest anything [that] might interfere with your ability to understand what you are doing here today or make decisions?" [Appellant] answered, "No, ma'am." (*Id.* at 30). [Appellant] offered no evidence to corroborate his assertion that he was actively abusing drugs and was experiencing deleterious effects from that use while he was

housed at Hoffman Hall.[3] . . . On the contrary, Exhibit D-2, a letter from the Unit Manager from Hoffman Hall introduced by the defense at the time of sentencing, indicated that [Appellant] complied with rules of that facility.

\* \* \*

[Also, Appellant's] interactions with his son demonstrate beyond question that [Appellant] was not suffering from any cognitive dysfunction over the situation with [him]. . . . In any case, the mere fact that a defendant was undergoing stress at the time he entered a guilty plea will not invalidate the plea, absent proof that he was incompetent at the time the plea was entered. ***See Commonwealth v. Myers***, 642 A.2d 1103, 1107 (Pa. Super. 1994)[.]

(Trial Court Opinion, 3/15/18, at 5-7, 9-10) (one citation and some capitalization omitted; record citation formatting provided).

Based on the foregoing analysis, and our independent review of the certified record, we conclude that the trial court properly exercised its discretion when it found Appellant's post-sentence claims of innocence and manifest injustice lack merit. ***See Muhammed***, ***supra*** at 382. The record confirms that he voluntarily, intelligently, and knowingly entered his guilty plea. ***See id.*** at 383-84. Appellant's issues lack merit.

Judgment of sentence affirmed.

---

[3] Hoffman Hall appears to be a halfway house where Appellant briefly lived. (***See*** N.T. Guilty Plea, at 61).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>11/8/18</u>