J-S50027-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ERIN NICOLE EVERETT | : | |
| | : | |
| Appellant | : | No. 216 WDA 2018 |

Appeal from the PCRA Order January 18, 2018
In the Court of Common Pleas of Somerset County
Criminal Division at No(s):  CP-56-CR-0000249-2011

BEFORE:  BOWES, J., OTT, J., and KUNSELMAN, J.

MEMORANDUM BY OTT, J.:                    **FILED JANUARY 11, 2019**

Erin Nicole Everett appeals from the order entered on January 18, 2018, in the Court of Common Pleas of Somerset County, denying her relief, following a hearing, regarding her timely petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. § 9541 *et seq*.  In this timely appeal, Everett claims trial counsel was ineffective: 1) in the choice of expert he employed, 2) in delaying trial by taking an interlocutory appeal, and 3) in encouraging her to waive her right to a jury trial.  After a thorough review of the submissions by the parties, relevant law, and the certified record, we affirm.[1]

We quote from the PCRA court's memorandum to supply the factual background of this matter.

_____

[1] Everett filed a direct appeal that afforded her no relief.  **See Commonwealth v. Everett**, 2046 EDA 2014, April 21, 2014 (memorandum).

Erin Nicole Everett [Everett] and Tory Elizabeth Minnick ("Ms. Minnick") began a romantic relationship in 2009. In March, 2011, [Everett] and Ms. Minnick were living together with [Everett's] parents in the Everett residence at 141 5th Street, Jerome, Pennsylvania. On March 25, 2011, the Conemaugh Township Police contacted the Pennsylvania State Police ("PSP") regarding a homicide at the Everett family residence. The initial report was that an intruder had entered the residence and assaulted two people, killing one of them. Police discovered upon their arrival at the residence that the conditions at the scene were not consistent with what had been initially reported.

[Everett] was initially transported to a hospital for treatment. Later she was transported to the PSP barracks for questioning. After being given *Miranda* warnings, [Everett] provided a written statement to PSP investigators in which she claimed that she and Ms. Minnick were the victims of a violent home invasion. When first questioned by PSP investigators, [Everett] recounted the same story that she had provided in her written statement. However, upon further questioning from PSP investigators, particularly regarding the circumstances of Ms. Minnick's death, [Everett] confessed to killing Ms. Minnick. After confessing, Everett provided a second written statement to investigators detailing the circumstances of the killing. According to [Everett's] second written statement, Ms. Minnick was sleeping on the morning of March 25, 2011. After [Everett's] parents left the residence, [Everett] retrieved a gun and shot Ms. Minnick while she slept.

PCRA Court Memorandum, 1/19/2018, at 1-2.

The record also reveals that subsequent to her arrest, the defense hired a licensed professional counselor, who defense counsel had seen testify at a prior trial, to evaluate Everett regarding the applicability of the Battered Wife Syndrome. The trial court subsequently determined that Battered Wife Syndrome was not applicable to the factual situation and further, the counselor was not qualified to render an expert opinion on the subject. The

defense took an interlocutory appeal of that decision that took approximately 14 months to resolve.

After the interlocutory appeal was disposed of, both the Superior and Supreme Courts refused to consider the appeal,[2] Everett waived her right to a jury trial and was convicted of multiple crimes, including first-degree murder. She was sentenced to a mandatory term of life imprisonment. Her direct appeal offered her no relief. She then filed this, timely, PCRA petition, which was denied after a hearing.

Initially, we are cognizant, "This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error." **Commonwealth v. Kretschmar**, 189 A.3d 459, 462 (Pa. Super. 2018).

Further,

> It is well-settled that counsel is presumed to have been effective and that the petitioner bears the burden of proving counsel's alleged ineffectiveness. **Commonwealth v. Cooper**, 596 Pa. 119, 941 A.2d 655, 664 (2007). To overcome this presumption, a petitioner must establish that: (1) the underlying substantive claim has arguable merit; (2) counsel did not have a reasonable basis for his or her act or omission; and (3) the petitioner suffered prejudice as a result of counsel's deficient performance, "that is, a reasonable probability that but for counsel's act or omission, the outcome of the proceeding would have been different." **Id.** A PCRA petitioner must address each of these prongs on appeal. See **Commonwealth v. Natividad**, 595 Pa. 188, 938 A.2d 310, 322

---

[2] The issue was raised on direct appeal, where, as noted above, she was afforded no relief.

(2007) (explaining that "appellants continue to bear the burden of pleading and proving each of the *Pierce* elements on appeal to this Court"). A petitioner's failure to satisfy any prong of this test is fatal to the claim. **Cooper**, 941 A.2d at 664.

**Commonwealth v. Wholaver**, 177 A.3d 136, 144 (Pa. 2018).

Everett's first claim is that trial counsel was ineffective in his choice of expert, Dr. Antoinette Petrazzi-Woods. The PCRA court determined the primary fault in this claim is that the choice of expert was immaterial, in that Everett could not avail herself of the Battered Wife Syndrome (BWS), as the law of Pennsylvania holds that defense is only available in conjunction with a valid claim of self-defense.[3] Self-defense was not available to Everett as she testified she shot the victim while the victim was asleep and after contemplating the crime for almost one half-hour.[4] Accordingly, Everett cannot demonstrate prejudice.

Additionally, Everett has not established the arguable merit of her claim.

> To satisfy the "arguable merit" prong for a claim of ineffectiveness based upon trial counsel's failure to call an expert witness, the petitioner must prove that an expert witness was willing and available to testify on the subject of the testimony at trial, counsel knew or should have known about the witness and the defendant was prejudiced by the absence of the testimony.

---

[3] **Commonwealth v. Miller**, 634 A.2d 614, 622 (Pa. Super. 1993) ("The syndrome does not represent a defense to homicide in and of itself, but rather, is a type of evidence which may be introduced on the question of the reasonable belief requirement of self-defense in cases which involve a history of abuse between the victim and the defendant.")

[4] There was additional evidence Everett had been contemplating killing Minnick well before the fact.

- 4 -

*Commonwealth v. Williams*, 141 A.3d 440, 460 (Pa. 2016). Here, Everett has not provided any evidence that examination by any other mental health expert would have resulted in a different conclusion. In light of the above, Everett is not entitled to relief on this claim.

Next, Everett argues trial counsel was ineffective for taking an interlocutory appeal from the order excluding Dr. Petrazzi-Woods from testifying. She claims the appeal, which took approximately 14 months to complete, deprived her of her right to a speedy trial.[5] The PCRA court found trial counsel's testimony that he fully discussed the interlocutory appeal with Everett and explained how such an appeal would delay the trial to be credible. Accordingly, because Everett agreed with trial counsel's action, the instant claim lacks arguable merit and she cannot now claim ineffective assistance for proceeding with the interlocutory appeal. Additionally, the PCRA court noted, and we agree, that Everett has failed to demonstrate how the trial outcome would have been affected in her favor had the interlocutory appeal not been taken. Because this claim lacks arguable merit and there has been no demonstration of prejudice, Everett is not entitled to relief.

Finally, Everett argues trial counsel was ineffective for coercing her into waiving her right to a jury trial. She specifically claims she was prejudiced by

---

[5] We have never seen a claim wherein a criminal defendant alleged her attorney improperly delayed a trial, rather than the Commonwealth. Everett has provided no authority to support this aspect of her claim.

the waiver in that the Commonwealth needed to convince only the judge of her guilt rather than 12 jurors. Appellant's Brief at 24.

The PCRA court accurately noted that this claim is refuted by Everett's testimony during the October 31, 2014 hearing/colloquy at which she waived her right to a jury. This assessment by the PCRA court is fully supported by the certified record. The colloquy was thorough and was conducted by both defense counsel and the trial court. At the end of the colloquy, there remained no doubt that Everett had properly waived her right to a jury trial of her own volition. We quote from that colloquy:

> [Counsel:] And based upon all of these numerous discussions we have had, did you come to a conclusion as to whether you desire to have this case tried before a jury or tried before a Judge?
>
> [Everett:] Yes.
>
> [Counsel:] And what was your decision in that matter?
>
> [Everett:] The Judge.
>
>         …
>
> [Counsel:] Has anybody forced you to make that decision?
>
> [Everett:] No.
>
> [Counsel:] Have any promises been made to you to compel you to make that decision?
>
> [Everett:] No.
>
> [Counsel:] Are you making that decision of your own free will?
>
> [Everett:] Yes.
>
> [Counsel:] Do you feel that you are doing that voluntarily, knowingly, and intelligently?

[Everett:] Yes.

[Counsel:] Is there anything that's prohibiting you from understanding what we are doing today?

[Everett:] No.

N.T. Hearing, 10/31/2014 at 9-11.

Further:

[The Court:] Now, here is the big difference, and this is the thing that I'm most concerned about that you understand. The big difference between trial by jury and trial by Judge is this: In order for you to be found guilty of any offense, the Commonwealth must prove beyond a reasonable doubt each element of that offense and they must convince each juror of that guilt beyond a reasonable doubt. So 12 out of 12 jurors must agree that the Commonwealth has proven its case in order to find you guilty.

Do you understand that?

[Everett:] Yes.

[The Court:] There's only one Judge who hears the case. The Commonwealth only – if you elect Judge only, the Commonwealth has to convince only me beyond a reasonable doubt.

That's a big difference. Do you understand that?

[Everett:] Yes.

[The Court:] I know Attorney Peck asked you if you have had discussions regarding this decision in the past.

My question to you now is: In light of anything that I have told you or described for you, do you want more time to talk to Attorney Peck about this decision?

[Everett:] No.

[The Court:] And so you have made your decision now?

[Everett:] Yes.

[The Court:] And what is your decision?

[Everett:] Bench trial.

[The Court:] Bench trial?

[Everett:] Yes.

*Id.* at 18-20.

The certified record absolutely demonstrates that Everett was aware of what she now claims is prejudice and that she freely opted to waive her right to a jury trial. It is well settled that "one is bound by one's statements made during a [ ] colloquy and may not successfully assert claims that contradict such statements." *Commonwealth v Muhammad*, 794 A.2d 378, 384 (Pa. Super. 2002). Therefore, Everett is not entitled to relief on this claim.

Because the record supports the PCRA court's ruling is free from legal error, we affirm the order of January 18, 2018, denying Everett relief pursuant to her PCRA petition.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date:  1/11/2019

- 8 -