J-S18033-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ISAIAH RANDALL ANGRY, JR. | : | |
| | : | |
| Appellant | : | No. 1478 WDA 2023 |

Appeal from the PCRA Order Entered December 5, 2023
In the Court of Common Pleas of Lawrence County
Criminal Division at No(s):  CP-37-CR-0000339-2019

BEFORE:  PANELLA, P.J.E., McLAUGHLIN, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.:                **FILED:  July 24, 2024**

Isaiah Randall Angry, Jr. ("Angry") appeals the denial of his petition for

relief under the Post Conviction Relief Act ("PCRA").[1]  We affirm.

The PCRA court summarized the relevant facts as follows:

> On May 15, 2019, the Commonwealth filed an information
> charging [Angry] with [homicide, aggravated assault, persons not
> to possess firearms, and related offenses] for an incident involving
> the death of Todd Walker ["the victim"] on March 21, 2019.
> [Angry] filed a [petition] for writ of *habeas corpus* on May 13,
> 2019, and a hearing was held on that matter on June 28, 2019.
> Following that hearing, the court  . . . denied [Angry's motion]. .
> ..
>
> * * * * *
>
> Following numerous continuances . . . jury selection for
> [Angry's] trial was conducted on September 15, 2021.  [The court
> granted the Commonwealth's motion to] . . . sever [the charge of
> persons not to possess firearms and to withdraw other charges
> with prejudice].

---

[1] **See** 42 Pa.C.S.A. §§ 9541-9546.

   [Angry's] trial proceeded with opening statements and the Commonwealth called two witnesses . . . on September 20, 2021. The next day . . . [Angry] entered a guilty plea to the charge of murder of the third degree. [Angry] completed a written guilty plea colloquy and an oral colloquy was conducted on the record. At that time, [Angry] testified he had the opportunity to consult with his attorney and he was entering the plea of his own free will as there were no threats, promises or force used to coerce him into pleading guilty. [Angry] was aware he was pleading guilty to the charge of murder of the third degree. [Angry] acknowledged his attorney at that time, John Bongivengo, Esquire, ["trial counsel"] explained the nature and elements of the charges to him and he was satisfied with [trial counsel's] services. Ultimately, [Angry] admitted he shot ["the victim"] resulting in his death. The [c]ourt also inquired of [Angry] whether he had any questions[,] and [Angry] responded, "No."

   On the same date, [Angry] was sentenced, in accordance with the sentencing recommendation agreed upon by the parties, to a term of incarceration of not less than ten years nor more than twenty years . . .. No post sentence motions or appeal were filed by [Angry].

**See** PCRA Court Opinion, 1/12/24, at 2-3 (capitalization standardized, footnotes omitted).

Trial counsel subsequently filed a motion to withdraw, which the trial court granted. New counsel was appointed and assumed Angry's representation, but the court later permitted that counsel to withdraw following the filing of a "no merit" letter. **See** PCRA Court Opinion, 1/12/24, at 3-4. In September 2022, Angry filed a *pro se* PCRA petition asserting constitutional violations and the unlawful inducement of his guilty plea. The

court appointed instant counsel ("Counsel"), who filed two petitions to withdraw as counsel.[2]

The PCRA court held three days of hearings on [Angry's] petition and heard testimony by Angry, the trial prosecutor, and trial counsel. Angry testified he met with trial counsel only once, at prison, trial counsel never advised him of a plea offer, and trial counsel did not plan or prepare a defense, including self-defense, which Angry said occurred. Concerning trial counsel, Angry testified, "[w]e never discussed anything." *See* N.T., 8/1/23, at 5-6, 9-10, 19-21, 25, 29. Angry claimed trial counsel came to him unexpectedly before the second day of trial with a plea offer of ten to twenty years of imprisonment and told him to either take the deal or go to trial, which Angry knew meant the risk of a life sentence without parole. *See id*. at 12-17. Angry admitted the prosecutor stated there was never a plea offer for voluntary manslaughter or involuntary manslaughter but faulted trial counsel for failing to seek such an offer. *See id*. at 18-19. Angry admitted that during his plea colloquy he swore he was pleading guilty of his own accord and had not been threatened or promised anything. *See id*. at 30-31.

The prosecutor testified he did not make a pre-trial plea offer, having reviewed the case and believing self-defense and justification were inapplicable. The prosecutor further testified he would not have offered a plea

---

[2] Angry nevertheless asked counsel to continue representing him. *See* N.T., 8/1/23, at 17.

to voluntary manslaughter or involuntary manslaughter. ***See*** N.T., 10/4/23, at 6-10. The prosecutor testified that, after the first day of trial and in anticipation of calling a witness who had a prior drug conviction, he was willing to consider a plea of guilty to murder of the third degree. He averred, however, he would not have been receptive to a guilty plea to voluntary or involuntary manslaughter because the facts – that during an argument Angry retrieved a gun and returned to shoot the victim – would not have supported either charge. ***See id***. at 15-19. The prosecutor also testified trial counsel's cross-examination of the first two witnesses evidenced extreme preparedness and that trial counsel "was a zealous advocate for [Angry's] defense." ***See id***. at 20, 22.

Trial counsel, a former prosecutor, testified he met with Angry, talked to Angry's wife and uncle, and spoke on multiple occasions with Angry. ***See*** N.T., 10/19/23, at 6, 335. Counsel discussed Angry's potential self-defense claim with him, and unfavorable facts: the victim did not have a gun and, further, that a self-defense claim would require Angry's testimony he possessed the gun before the alleged need for self-defense, in violation of a prior disqualifying conviction that would have resulted in a conviction of persons not to possess firearms. ***See id***. at 7-9. Trial counsel also discussed the court's possible consciousness of guilt instruction arising from Angry's flight. ***See id***. at 9-15, 35-36. Trial counsel testified he was ready for trial, aware of the facts, the law, and the risks involved in a self-defense claim. ***See***

*id*. at 18. In trial counsel's view, the offer of a plea to third-degree murder and a sentence of ten to twenty years was a good one, especially because the sentence for voluntary manslaughter and persons not to possess would itself likely have been ten to twenty years, and the plea offer contained a *nol pros* of charges of persons not to possess,[3] and assaulting a corrections officer. *See id*. at 9-15, 23, 35-36. Trial counsel denied inducing Angry's plea, and believed the plea was in Angry's best interest. *See id*. at 26-31. Following the plea, Angry never contacted trial counsel and asked him to attempt to withdraw it, vacate the sentence, or file a Superior Court appeal. *See id*. at 38-39.

By order dated December 5, 2023, the PCRA court denied Angry's petition and granted Counsel's petition to withdraw. Notwithstanding the PCRA court's order, Counsel filed a timely notice of appeal and Counsel and the PCRA court complied with Pa.R.A.P. 1925.[4]

On appeal, Angry presents the following issue for our review:

> The question presented on appeal is whether the PCRA Court committed prejudicial error and abused its discretion[] when it denied [Angry] PCRA relief in the form of a new trial, based on his argument that his plea/trial counsel was ineffective, which culminated in an induced guilty plea, mid-trial, one that was not knowingly, intelligently, and voluntarily entered.

---

[3] Trial counsel recalled Angry's weapon was a Glock .40 with an extended clip of ammunition. *See id*. at 26-31.

[4] The PCRA court subsequently granted Counsel's petition to be reappointed retroactive to December 6, 2023. *See* Order, 1/17/24.

*See* Angry's Brief at 4.

This Court's standard for reviewing the dismissal of PCRA relief is well-settled:

> Our review of a PCRA court's decision is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error. . . .   We view the record in the light most favorable to the prevailing party in the PCRA Court. . ..   We are bound by any credibility determinations made by the PCRA court where they are supported by the record. . ..    However, we review the PCRA court's legal conclusions *de novo*.

*Commonwealth v. Staton*, 184 A.3d 949, 954 (Pa. 2018) (citation and quotations omitted).

To prevail on a claim of ineffective assistance of counsel, an appellant must establish that:

> (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's action or failure to act; and (3) the petitioner suffered prejudice as a result of counsel's error, with prejudice measured by whether there is a reasonable probability that the result of the proceeding would have been different. . ..  If a claim fails under any required element . . .   the court may dismiss on that basis. . ..   Counsel is presumed to be effective, and the burden of demonstrating ineffectiveness rests on the appellant.

*Commonwealth v. Johnson*, 236 A.3d 63, 68 (Pa. Super. 2020) (*en banc*) (citations omitted).  A failure to satisfy any prong of the ineffectiveness test requires rejection of the claim.  *See Commonwealth v. Solano*, 129 A.3d 1156, 1163 (Pa. 2015).

A claim of ineffectiveness in connection with the entry of a guilty plea can only be the basis for relief if the appellant can prove the ineffectiveness caused an involuntary or unknowing plea.  *See Commonwealth v. Orlando*,

156 A.3d 1274, 1281 (Pa. Super. 2017). The court must evaluate the adequacy and voluntariness of the guilty plea by examining the totality of the circumstances surrounding the entry of the plea. *See Commonwealth v. Muhammad*, 794 A.2d 378, 383-84 (Pa. Super. 2002). A defendant is bound by the statements he makes during his plea colloquy and cannot assert grounds for withdrawing the plea that contradict the statements he made when entering his plea. *See id*.

Angry asserts he had little contact with trial counsel, had a plea offer "thrust upon him mid-trial," which he had little time to consider, and was unaware of trial counsel's strategy or whether he would be giving self-defense testimony, leaving him no choice but to accept the plea offer. *See* Angry's Brief at 15-24. Angry admits he executed oral and written guilty plea colloquies expressing satisfaction with trial counsel's representation and the voluntariness of his plea but asserts "the facts and circumstances warranted the PCRA [c]ourt taking [a] closer look beyond the written colloquy and oral record . . .." Angry's Brief at 25. Finally, Angry asserts he wanted to go to trial to prove his innocence. *See* Angry's Brief at 23-27.

The PCRA court, which was also the court before whom Angry pled guilty, found Angry entered a knowing plea because he was aware of the charges against him, which trial counsel explained to him. *See* Opinion, 1/12/24, at 9. The court also rejected Angry's assertion he did not enter a voluntary plea. The court found trial counsel was "well-prepared for trial,"

knew the issues the case presented, was prepared to cross-examine the Commonwealth's witnesses, and knew of Angry's potential self-defense claim. *See id*. at 9-10. The PCRA court also credited trial counsel's testimony he spoke with Angry on several occasions and was in frequent contact with Angry's relatives, and noted Angry specifically affirmed in his written and oral colloquies he was satisfied with trial counsel's services. *See id*. at 10. Finally, the court found that Angry made the decision to plead guilty himself. *See id*. at 10-11.

We perceive no error in the PCRA court's rejection of Angry's claim of trial counsel's ineffectiveness for failing to consult with him or prepare for trial and inducing an involuntary and unknowing plea. The court credited trial counsel's testimony he was prepared for trial and Angry's own testimony in the plea colloquy and written colloquy he was satisfied with counsel's representation. We are not free to reassess the PCRA court's credibility determinations, *see Staton*, 184 A.3d at 954, nor may Angry prevail on a claim that contradicts his sworn testimony, *see Muhammad*, 794 A.2d at 383-84. Additionally, we will not reassess the PCRA court's factual determination Angry made the ultimate decision to plead guilty. Finally, we note trial counsel had a clear reasonable basis for recommending the plea, given the facts that the sentence for murder of the first degree would have been a life sentence, the evidence of Angry's guilt was strong, and that by pleading guilty, Angry avoided likely separate sentences for persons not to

possess firearms and aggravated assault of a corrections officer.  ***See*** N.T.,
10/19/23, 26-31.

Order affirmed.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

DATE:  7/24/2024