**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ROY A. HARRELL, JR., | : | |
| | : | |
| Appellant. | : | No. 1120 MDA 2018 |

Appeal from the Judgment of Sentence Entered, May 30, 2018,
in the Court of Common Pleas of Berks County,
Criminal Division at No(s):  CP-06-CR-0002173-2016.

BEFORE:  BOWES, J., SHOGAN, J., and KUNSELMAN, J.

MEMORANDUM BY KUNSELMAN, J.:              **FILED FEBRUARY 04, 2019**

Roy Harrell, Jr. appeals from the judgment of sentence imposed after he pled guilty to simple assault, resisting arrest, and defiant trespass.[1] Harrell's counsel filed an application to withdraw as counsel based upon ***Commonwealth v. McClendon***, 434 A.2d 1185 (Pa. 1981) and its federal predecessor ***Anders v. California***, 386 U.S. 738 (1967).  We conclude that Harrell's counsel complied with the procedural requirements to withdraw. Further, after independently reviewing the record, we conclude that the appeal is wholly frivolous.  We, therefore, grant counsel's application to withdraw and affirm the judgment of sentence.

---

[1] 18 Pa.C.S.A. § 2701(a)(1),  18 Pa.C.S.A. § 5104, and 18 Pa.C.S.A. § 3503(b)(1)(i).

The charges in this case arose out of an incident where Harrell was trespassing on private property. Before the police arrived, he attacked and injured a man. Harrell resisted arrest and, subsequently, had to be tazed due to his aggressive behavior. The Commonwealth charged Harrell with several offenses related to this incident.

On May 30, 2018, Harrell entered an open guilty plea to simple assault, resisting arrest, and defiant trespass. All other charges were dismissed. That same day, the trial court sentenced him to an aggregate of two to four years of incarceration with a total of 768 days of credit for time served and one year of special probation. A week later, on June 8, 2018, Harrell filed a post-sentence motion to withdraw his guilty plea. The trial court denied Harrell's motion on June 22, 2018.

Harrell filed a timely notice of appeal on July 6, 2018. Both Harrell and the trial court complied with Pa.R.A.P. 1925. Harrell's counsel filed a petition to withdraw from this appeal claiming that it is frivolous.

"When presented with an *Anders* brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw." *Commonwealth v. Daniels*, 999 A.2d 590, 593 (Pa. Super. 2010). To determine whether it is appropriate for counsel to withdraw, we must first consider whether counsel satisfied certain procedural requirements.

In *Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009), the Pennsylvania Supreme Court explained what is required to be contained within an *Anders* brief:

> [T]he **Anders** brief that accompanies court-appointed counsel's petition to withdraw . . . must (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361. "While the Supreme Court in **Santiago**, set forth the new requirements for an **Anders** brief, which are quoted above, the holding did not abrogate the notice requirements set forth in [**Commonwealth v. Millisock**, 873 A.2d 748, 751 (Pa. Super. 2005)] that remain binding precedent". **Daniels**, 999 A.2d at 594. Thus, counsel seeking to withdraw on direct appeal must satisfy the following obligations to his or her client:

> Counsel also must provide a copy of the **Anders** brief to his client. Attending the brief must be a letter that advises the client of his right to: (1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the **Anders** brief.

**Commonwealth v. Orellana**, 86 A.3d 877, 880 (Pa. Super. 2014) (citation omitted). Our review reveals that Harrell's counsel substantially complied with the technical requirements of **Anders** and **Santiago**.

"Once counsel has satisfied the above requirements, it is then this Court's duty to conduct its own review of the trial court's proceedings and render an independent judgment as to whether the appeal is, in fact, wholly

frivolous." ***Commonwealth v. Goodwin***, 928 A.2d 287, 291 (Pa. Super. 2007) (*en banc*) (citation omitted); ***Santiago***, 978 A.2d at 355 n.5. "In light of the constitutional rights at issue, we must give ***Anders*** a most generous reading and review 'the case' as presented in the entire record with consideration first of issues raised by counsel." ***Commonwealth v. Dempster***, 187 A.23d 266, 272 (Pa. Super. 2018) (*citing* ***Anders***, 286 U.S. at 744). "[T]his review does not require this Court to act as counsel or otherwise advocate on behalf of a party. Rather, it requires us only to conduct a simple review of the record to ascertain if there appear on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated." ***Id.***, 187 A.23d at 272. Thus, we now turn to the substantive requirement of this analysis.

Harrell has raised the following single issue on appeal:

> Whether the trial court erred when it denied Harrell's petition to withdraw his guilty plea, even though said guilty plea was not made knowingly, intelligently, or voluntarily.

***Anders*** Brief at 10. Harrell claims that his plea was not entered knowingly, voluntarily, and intelligently. However, he does not specify why this is so. In his post sentence motion, he merely asserted that "manifest injustice" would ensue if he could not withdraw his guilty plea, without further detail. ***Anders*** Brief at 18.

The trial court noted that such boiler plate language and bare bone legal conclusions, without more, renders the issue waived. Trial Court Opinion,

7/30/18 at 2. We agree. When an issue is not developed, it will be deemed waived. ***Commonwealth v. A.W. Robl Transport.***, 747 A.2d 400, 405 (Pa. Super. 2000).

However, even if we were to consider the merits of this issue, we would conclude that Harrell knowingly, voluntarily, and intelligently entered his guilty plea. "There is no absolute right to withdraw a guilty plea, and the decision as to whether to allow a defendant to do so is a matter within the sound discretion of the trial court." ***Commonwealth v. Pollard***, 832 A.2d 517, 522 (Pa. Super. 2003). "To withdraw a plea after sentencing, a defendant must make a showing of prejudice amounting to 'manifest injustice'." ***Id.*** "A plea rises to the level of manifest injustice when it was entered into involuntarily, unknowingly, or unintelligently." ***Id.***

In order to ensure that a defendant understands the significance of the plea and its consequences, the trial court is required to inquire into the following areas during the plea colloquy: "(1) the nature of the charges; (2) the factual basis of the plea; (3) the right to trial by jury; (4) the presumption of innocence; (5) the permissible range of sentences; and (6) the judge's authority to depart from any recommended sentence." ***Commonwealth v. Baney***, 860 A.2d 127, 132 (Pa. Super. 2004) (*quoting* ***Commonwealth v. Muhammad***, 794 A.2d 378 (Pa. Super. 2002)); Pa.R.Crim.P. 590, Comment. On appeal, "[t]his Court evaluates the adequacy of the guilty plea colloquy and the voluntariness of the resulting plea by examining the totality of the circumstances surrounding the entry of that plea." ***Baney***, 794 A.2d at 132.

The record in this case shows that the trial court conducted a thorough, on-the-record inquiry during the guilty plea colloquy. The trial court covered each of the areas required by law. Harrell's responses to the trial court's inquiries were direct and unwavering. Additionally, during allocution, Harrell informed the court that: "I believe that the judgments that I have seen are fair. So I decided to take an open plea." Considering the totality of the circumstances surrounding Harrell's plea, we conclude that Harrell entered a knowing, voluntary, and intelligent plea of guilty, and that the trial court did not abuse its discretion in denying his motion to withdraw.

For the foregoing reasons, we conclude that the only issue Harrell raised in this appeal is wholly frivolous. Furthermore, after an independent review of the entire record, we conclude that no other issue of arguable merit exists. **Dempster**, *supra*. Therefore, we grant counsel's request to withdraw, and we affirm the judgment of sentence.

Petition to withdraw as counsel granted. Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 02/04/2019