J-S45011-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| STEVEN BURNS | : | |
| Appellant | : | No. 2744 EDA 2019 |

Appeal from the PCRA Order Entered June 20, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0008633-2013

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| STEVEN BURNS | : | |
| Appellant | : | No. 2745 EDA 2019 |

Appeal from the PCRA Order Entered June 20, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0008635-2013

BEFORE:  BOWES, J., KUNSELMAN, J., and MURRAY, J.

MEMORANDUM BY BOWES, J.:                    **FILED FEBRUARY 17, 2021**

Steven Burns appeals *nunc pro tunc*[1] from the dismissal of his Post

Conviction Relief Act ("PCRA") petition.  After careful review, we affirm.

---

[1] Appellant originally filed a single notice of appeal that included both court of common pleas docket numbers.  On April 30, 2019, this Court quashed Appellant's appeal pursuant to **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018).  **See Commonwealth v. Burns**, 216 A.3d 444 (Pa.Super. 2019)

The PCRA court aptly summarized the relevant factual history as follows:

On March 12, 2013, [Appellant] and co-defendant, Rodney Smith, forced their way into the home of Melissa Mulligan, demanded money and proceeded to ransack her house. When she was unable to produce any money, [Appellant] threatened to kill her and her four-year-old son, forced her to lie face down on the floor[,] and discharged his gun at her head twice in the presence of the terrorized four-year-old child.[1] The police arrived on scene and knocked on the door interrupting [Appellant's] game of Russian Roulette. Both [Appellant] and Smith ran out the back but quickly realized that they were cornered. [Appellant] resisted arrest when officers attempted to handcuff him and he hit an officer in the face with the handcuffs causing a laceration to the officer. [Appellant] had a prior conviction for robbery, was on parole[,] and was prohibited from owning or being near a firearm, whether operable or not, at the time of these crimes.[2]

_____

[1] The victim's eleven-year-old son and 5-day-old infant child were also in the home but in other rooms at the time of the attack.

[2] The gun was later discovered to be inoperable.

PCRA Opinion, 6/30/20, at 2.

After the trial court denied his pre-trial motion to quash, Appellant entered an open guilty plea to attempted murder, aggravated assault, robbery, burglary, criminal conspiracy, possession of a firearm prohibited,

_____

(unpublished memorandum). In a subsequent PCRA petition, Appellant sought reinstatement of his appellate rights *nunc pro tunc*. The PCRA court granted Appellant's petition, reinstating his appellate rights. Appellant's current notices of appeal complied with **Walker**.

possession of an instrument of crime, and simple assault.[2]  In exchange, the Commonwealth *nolle prossed* the remaining charges.  After reviewing a pre-sentence investigation report ("PSI"), the trial court sentenced Appellant to an aggregate term of twenty-one to forty-two years of incarceration.[3]

Appellant filed a timely post-sentence motion seeking reconsideration of his sentence, but did not request to withdraw his guilty plea.  The motion was denied by operation of law.  A timely appeal followed, wherein Appellant alleged that his guilty plea was involuntarily coerced by the trial court and that his sentence for aggravated assault should have merged with the sentence for attempted murder.  On March 2, 2016, this Court vacated Appellant's sentence for aggravated assault, but otherwise affirmed his judgment of sentence. ***Commonwealth v. Burns***, 144 A.3d 186 (Pa.Super. 2016) (unpublished memorandum).  In doing so we explained that Appellant had waived his challenge to the voluntariness of his guilty plea by neither objecting during the plea colloquy nor filing a post-sentence motion to withdraw his guilty plea. ***Id***. (unpublished memorandum at 6-7).

---

[2] The simple assault was charged at a separate docket number because the subject of that assault was the police officer whom Appellant hit with his handcuffs, not Ms. Mulligan.

[3] Appellant received a sentence of ten to twenty years for attempted murder, a concurrent term of ten to twenty years for aggravated assault, a consecutive term of ten to twenty years for burglary, and a consecutive term of one to two years for simple assault.

Appellant filed a timely *pro se* PCRA petition. Appointed counsel filed an amended petition, arguing that trial counsel was ineffective for not filing a motion to withdraw Appellant's guilty plea. The Commonwealth responded with a motion to dismiss. The PCRA court[4] issued Pa.R.Crim.P. 907 notice of its intent to dismiss the petition without a hearing. Counsel filed a response on Appellant's behalf, and on June 20, 2018, the PCRA court dismissed Appellant's PCRA petition. This appeal followed.

Appellant raises the following issue for our review:

> Did the trial court err in denying [A]ppellant an evidentiary hearing when [A]ppellant raised a material issue of fact that trial defense counsel was ineffective in failing to timely file a motion to withdraw guilty plea that was involuntary thereby waiving [Appellant's] right to assert that his guilty plea was not voluntary?

Appellant's brief at 2.

We begin with a discussion of the pertinent legal principles. Our "review is limited to the findings of the PCRA court and the evidence of record" and we do not "disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error." ***Commonwealth v. Rykard***, 55 A.3d 1177, 1183 (Pa.Super. 2012). Similarly, "[w]e grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions." ***Id***. "[W]here the petitioner raises questions of law, our

---

[4] During the pendency of the PCRA petition, the original trial judge recused and the case was reassigned.

standard of review is *de novo* and our scope of review is plenary." ***Commonwealth v. Pew***, 189 A.3d 486, 488 (Pa.Super. 2018) (citation omitted). Finally, we "may affirm a PCRA court's decision on any grounds if the record supports it." ***Commonwealth v. Smith***, 194 A.3d 126, 132 (Pa.Super. 2018) (citation omitted).

Appellant complains that counsel was ineffective for failing to submit a motion to withdraw his guilty plea, which he maintains was coerced by the trial court's on-the-record promise of leniency. He alleges further that the PCRA court erred by failing to grant an evidentiary hearing on this issue. ***See*** Appellant's brief at 9. The PCRA court disagreed, finding that Appellant's petition lacked arguable merit. ***See*** Trial Court Opinion, 6/30/20, at 7. Furthermore, the PCRA court reasoned that the petition was properly dismissed without a hearing as there were no genuine issues of material fact that required a hearing. ***Id***. at 8. We agree.

In reviewing claims of ineffective assistance of counsel, counsel is presumed to be effective, and a PCRA petitioner bears the burden of proving otherwise. ***Commonwealth v. Becker***, 192 A.3d 106, 112 (Pa.Super. 2018). To do so, the petitioner must plead and prove (1) the legal claim underlying his ineffectiveness claim has arguable merit; (2) counsel's decision to act (or not) lacked a reasonable basis designed to effectuate the petitioner's interests; and that (3) prejudice resulted. ***Id***. The failure to establish any of the three prongs is fatal to the claim. ***Id***. at 113.

In determining whether Appellant's claim of ineffectiveness has arguable merit, we look to the standard applied in post-sentence withdrawal of guilty plea cases:

A defendant seeking post-sentence withdrawal of a guilty plea must demonstrate that manifest injustice would result if the court were to deny his post-sentence motion to withdraw. Manifest injustice may be established if the plea was not tendered knowingly, intelligently, and voluntarily.

*Commonwealth v. Kehr*, 180 A.3d 754, 756-57 (Pa.Super. 2018). A request to withdraw a guilty plea after sentencing is subject to higher scrutiny, "since courts strive to discourage [the] entry of guilty pleas as sentence-testing devices." *Commonwealth v. Culsoir*, 209 A.3d 433, 437 (Pa.Super. 2019).

A review of the guilty plea colloquy is necessary in order to evaluate the voluntariness of the plea and to determine whether Appellant acted knowingly and intelligently. *Commonwealth v. Pollard*, 832 A.2d 517 (Pa.Super. 2003). A colloquy is sufficient if the trial court inquired into the following six areas:

(1) Does the defendant understand the nature of the charges to which he is pleading guilty?

(2) Is there a factual basis for the plea?

(3) Does the defendant understand that he has a right to trial by jury?

(4) Does the defendant understand that he is presumed innocent until he is found guilty?

(5) Is the defendant aware of the permissible ranges of sentences and/or fines for the offenses charged?

(6) Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?

*Id*.

The record supports the PCRA court's finding that the plea was knowingly, intelligently, and voluntarily entered. ***See*** N.T. Guilty Plea Hearing, 1/15/14, at 23-44; ***see also*** PCRA Court Opinion, 6/30/20 at 7-8.[5] Nevertheless, Appellant contends that statements made by the trial court, during the guilty plea hearing invalidated the voluntariness of his guilty plea. ***See*** Appellant's brief at 5-6. Specifically, Appellant points to the trial court's comment that, if he entered into an open guilty plea, he would likely receive a sentence below the Commonwealth's plea offer of twenty to forty years of incarceration. Appellant maintains this was a promise of the same and coerced him into entering the plea.[6] We disagree.

_____

[5] At the guilty plea hearing, Appellant indicated that he understood the contents of the written guilty plea colloquy, signed it of his own free will, was not under the influence of drugs, and was aware that he had an "absolute right" to a jury trial. N.T. Guilty Plea Hearing, 1/15/14, at 23-24. The trial court listed the crimes Appellant had been charged with and the potential maximum one-hundred and seven year penalty he faced if convicted. *Id*. at 24. The Commonwealth provided a detailed summary of the evidence it would have put forth if Appellant had proceeded to trial, which Appellant agreed with and the trial court found formed a factual basis for the guilty plea. *Id*. at 24-28. Finally, Appellant indicated that he was pleading guilty because he was guilty, had not been promised anything in exchange for his guilty plea, and that he was satisfied with the services of his attorney. *Id*. at 29.

[6] Appellant ultimately received a sentence of twenty-one to forty-two years of incarceration.

Appellant's selective recitation of the record mischaracterizes the trial court's statements, which, when viewed as a whole, made no promises of a specific sentence. Throughout the hearing, the trial court repeatedly reminded Appellant that it was not trying to influence Appellant's decision to proceed to trial, enter into a negotiated guilty plea, or enter into an open guilty plea. *Id*. at 3 ("I am going to make it clear that I am not here to force you to accept the plea"); *id*. at 10 ("I am not here to force you to take a plea"). With regard to the open plea option, the trial court stated that it typically sentenced defendants to less than what the Commonwealth offered. *Id*. at 11. However, the court immediately qualified this comment, explaining that it would have to review Appellant's PSI before it could determine the appropriate sentence. *Id*. at 11 ("There is a likelihood that it would be less than [twenty] to [forty]. I have to see the presentence investigative report to determine that."); *see also id*. at 12 ("I don't know enough about you. I would get a PSI to form the basis of the sentence"); *id*. at 12 ("Your options are limited and the guidelines are lower, but I can't promise anything. Until I go through the prior history and presentence investigative report."). When the court asked Appellant if he understood this, he responded that he did. *Id*. at 11.

Accordingly, Appellant's assertion that the trial court promised him a more lenient sentence in order to coerce him to enter the plea is belied by the record. At the guilty plea hearing, the trial court stated multiple times that it would base Appellant's sentence on its review of his PSI. *Id*. at 11-12.

Further, Appellant acknowledged his understanding of this fact and he is bound by this statement. *Id*. at 11; *see also Commonwealth v. Muhammad*, 794 A.2d 378, 384 (Pa.Super. 2002) (explaining that defendants are bound by statements that they make during guilty plea colloquies and may not later assert claims which contradict those statements). Since the record refutes Appellant's assertion that he would have been entitled to withdraw his guilty plea if counsel filed the requisite motion, his claim of counsel ineffectiveness is wholly lacking in merit.

Appellant also alleges that the trial court erred when it did not hold an evidentiary hearing. It is well-settled that "[t]here is no absolute right to an evidentiary hearing on a PCRA petition, and if the PCRA court can determine from the record that no genuine issues of material fact exist, then a hearing is not necessary." *Commonwealth v. Jones*, 942 A.2d 903, 906 (Pa.Super. 2008). In order "to obtain reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing." *Commonwealth v. Hanible*, 30 A.3d 426, 452 (Pa. 2011). A decision not to hold an evidentiary hearing will not be reversed absent an abuse of discretion. *Commonwealth v. Cox*, 983 A.2d 666, 693 (Pa. 2009).

Although Appellant contends that the PCRA court abused its discretion in not holding a hearing on his petition, he failed to raise any genuine issues

of material fact that could be resolved at such a hearing.  Accordingly, he was not entitled to an evidentiary hearing and the PCRA court did not err when it determined that an evidentiary hearing was unnecessary.

Order affirmed.


*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*


*Date: 2/17/2021*