J-A10002-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LUIS ALBERTO ORTIZ-CUEVAS | : | |
| | : | |
| Appellant | : | No. 1010 MDA 2021 |

Appeal from the Judgment of Sentence Entered July 26, 2021
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0002706-2019

BEFORE: PANELLA, P.J., KUNSELMAN, J., and KING, J.

MEMORANDUM BY PANELLA, P.J.:          **FILED: SEPTEMBER 20, 2022**

Luis Alberto Ortiz-Cuevas appeals from the judgment of sentence entered in the York County Court of Common Pleas on July 26, 2021, following the denial of his motion to withdraw the **_Alford_** plea he entered to a charge of involuntary deviate sexual intercourse with a minor. Ortiz-Cuevas contends the trial court abused its discretion by denying his motion to withdraw the plea. After careful review, we affirm.

The Commonwealth filed a criminal complaint against Ortiz-Cuevas charging him with rape of a child, involuntary deviate sexual intercourse, indecent assault, and corruption of minors. These charges stemmed from allegations reported by the minor complainant to her mother. The complainant's mother was Ortiz-Cuevas's ex-paramour. The conduct was

reported to have occurred once, sometime between April 2013 and April 2014, when the complainant was four years old.

The parties appeared for a jury trial on March 22, 2021. As the trial court explained:

> Both parties indicated they were ready to proceed, and prospective jurors were assembled. Prior to voir dire, [Ortiz-Cuevas] chose to enter an **Alford** plea to Count 2 — Involuntary Deviate Sexual Intercourse, a Felony of the First Degree, and the remaining counts were *nolle prossed*. After a written and oral plea colloquy, the court found [Ortiz-Cuevas]'s plea to be knowingly and voluntarily entered, and accepted the same.[] To allow time for the Sexual Offender Assessment Board to conduct an evaluation of [Ortiz-Cuevas] to determine whether he met the criteria to be found by the court as a sexually violent predator, sentencing was scheduled for June 29, 2021.

Trial Court Opinion, 9/21/2021, at 2. Ortiz-Cuevas subsequently retained new counsel, and approximately one and one half months after entering his plea, which was over a month prior to sentencing, Ortiz-Cuevas's new counsel moved to withdraw the **Alford** plea. In that motion, Ortiz-Cuevas asserted his innocence and argued the **Alford** plea was constitutionally invalid. On July 15, 2021, Ortiz-Cuevas renewed the motion.

The court continued the sentencing hearing to July 26, 2021, in order to accommodate Ortiz-Cuevas's motion to withdraw his **Alford** plea. At the hearing, Ortiz-Cuevas maintained his innocence and claimed he only entered a plea because the trial judge's comments regarding sentencing had scared him.

The court denied the motion, noting that Ortiz-Cuevas had not laid out a proper foundation for his motion to withdraw a guilty plea. Instead, the court noted, Ortiz-Cuevas simply asserted he was not guilty. The court proceeded to sentence Ortiz-Cuevas to four to eight years' incarceration, pursuant to the plea agreement. This timely appeal followed.

Ortiz-Cuevas raises the following three issues on appeal:

I. Did the Trial Court abuse its discretion in denying [] Ortiz-Cuevas'[s] presentence Motion to Withdraw Alford Plea where fair and just reasons existed for the requested relief as demonstrated by, *inter alia*, the timing of his request and the plausibility of his assertion of innocence, which was not undermined by the evidentiary proffer made by the Commonwealth at the Alford plea hearing?

II. Did the Trial Court abuse its discretion in denying [] Ortiz-Cuevas' presentence Motion to Withdraw Alford Plea where that plea was demonstrably involuntarily tendered?

III. Did the Trial Court abuse its discretion in denying [] Ortiz-Cuevas'[s] presentence Motion to Withdraw Alford Plea where that plea was not knowingly or intelligently entered as [] Ortiz-Cuevas was neither colloquied on the elements of the offense nor on [the Sex Offender and Registration Act ("SORNA")'s registration requirements?

Appellant's Brief, at 4.

Important to our analysis is the fact that Ortiz-Cuevas filed his motion to withdraw his **Alford** plea prior to sentencing. "We review a trial court's ruling on a pre-sentence motion to withdraw a guilty plea for an abuse of discretion." **Commonwealth v. Islas**, 156 A.3d 1185, 1187 (Pa. Super. 2017) (citation omitted). A pre-sentence withdrawal of a guilty plea is governed by Pennsylvania Rule of Criminal Procedure 591(A), which provides:

At any time before the imposition of sentence, the court may, in its discretion, permit, upon motion of the defendant, or direct, *sua sponte*, the withdrawal of a plea of guilty or nolo contendere and the substitution of a plea of not guilty.

Pa.R.Crim.P. 591(A). "When a trial court comes to a conclusion through the exercise of its discretion, there is a heavy burden on the appellant to show that this discretion has been abused." ***Commonwealth v. Norton***, 201 A.3d 112, 120 (Pa. 2019) (brackets omitted) (citation omitted). "An abuse of discretion will not be found based on a mere error of judgment, but rather exists where the trial court has reached a conclusion which overrides or misapplies the law, or where the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will." ***Norton***, 201 A.3d at 120 (brackets omitted) (citation omitted). Absent an abuse of that discretion, an appellate court should not disturb a trial court's ruling. ***See id***.

It is also important to keep in mind that Ortiz-Cuevas is not seeking to withdraw a "typical" guilty plea. Rather he seeks to withdraw an ***Alford*** plea. As our Supreme Court stated:

In ***Alford***, the U.S. Supreme Court explained that most guilty pleas consist of an express admission of guilt and the plea of *nolo contendere* is regarded as a tacit admission of guilt. When a criminal defendant is unable or unwilling to admit to participating in acts constituting a crime, but the record contains strong evidence of guilt, the defendant may conclude that a guilty plea is in his or her best interests. Thus, a person entering an ***Alford*** plea claims innocence, but consents to the imposition of a prison sentence.

- 4 -

***Pasture***, 107 A.3d at 23 n. 1 (citations omitted). This Court further explained

an ***Alford*** plea in ***Commonwealth v. Snavely***, 982 A.2d 1244 (Pa. Super.

2009):

> An ***Alford*** plea is a *nolo contendere* plea in which the defendant does not admit guilt but waives trial and voluntarily, knowingly and understandingly consents to the imposition of punishment by the trial court. Provided the record reflects a factual basis for guilt, the trial court may accept the plea notwithstanding the defendant's protestation of innocence. Typically … a defendant is exchanging his plea for a reduced sentence or reduced charges.

*Id*. at 1244 n. 1 (citations omitted). The legal effect of a plea of *nolo*

*contendere* is the same as a guilty plea. ***See Commonwealth v. Lewis***, 791

A.2d 1227, 1230 (Pa. Super. 2002).

While Ortiz-Cuevas presents three distinct questions for our review, all

of the questions focus on the trial court's refusal to allow Ortiz-Cuevas to

withdraw his ***Alford*** plea. In addressing the propriety of the trial court's

decision, we note at the outset that Ortiz-Cuevas does not have an absolute

right to withdraw his ***Alford*** plea. ***See Commonwealth v. Muhammad***, 794

A.2d 378, 382 (Pa. Super. 2002). Instead, the decision whether to allow Ortiz-

Cuevas to withdraw his ***Alford*** plea was committed to the discretion of the

trial court. ***Id.*** We review the trial court's denial of Ortiz-Cuevas's request for

an abuse of discretion. ***See Commonwealth v. Gordy***, 73 A.3d 620, 624

(Pa. Super. 2013). To resolve Ortiz-Cuevas's pre-sentence motion to withdraw

his ***Alford*** plea, the trial court was required to determine whether "permitting

withdrawal of the plea would promote fairness and justice." ***Commonwealth v. Johnson-Daniels***, 167 A.3d 17, 24 (Pa. Super. 2017) (citation omitted).

When faced with a pre-sentence request to withdraw a plea, the court must exercise its discretion "liberally in favor of the accused[.]" ***Commonwealth v. Carrasquillo***, 115 A.3d 1284, 1292 (Pa. 2015). "[A]ny demonstration … of a fair-and-just reason will suffice to support a grant, unless withdrawal would work substantial prejudice to the Commonwealth." ***Id.*** (citation omitted). A mere claim of innocence will not be enough in all cases; the focus is on whether withdrawal will promote fairness and justice. ***See id.***

We presume that Ortiz-Cuevas was aware of what he was doing when he entered his ***Alford*** plea. ***See Commonwealth v. Stork***, 737 A.2d 789, 790 (Pa. Super. 1999). Consequently, he is bound by statements he made during his guilty plea colloquy and may not successfully assert any claims that contradict those statements. ***See Muhammad***, 794 A.2d at 384.

Ortiz-Cuevas's arguments on appeal center on three distinct factual claims. First, he observes that he has consistently maintained his innocence in this matter as demonstrated by his action in choosing an ***Alford*** plea over a traditional guilty plea. ***See*** Appellant's Brief, at 9. Second, he claims his free will was "overborne" by the trial judge's warning of a possible sentence of "in excess of twenty to forty years if it comes back to me with a conviction and I get to impose sentence." ***Id.***, at 10. Finally, Ortiz-Cuevas asserts he was

unaware of the lifetime registration and reporting requirements that would be imposed pursuant to his plea. *See id.*

We begin by acknowledging that Ortiz-Cuevas has consistently maintained his innocence of the charges in this matter. However, this does not necessarily inure to his benefit under the circumstances of this case. He did not plead guilty, but rather explicitly acknowledged that he was accepting a lesser sentence in consideration of the risk of a lengthier sentence should the Commonwealth prevail after a trial:

> You know, I would love to go to trial and go for it, but I am afraid of the twenty to forty year sentence that you could impose if I don't, you know, win the case. Honestly, Your Honor, I am afraid for my life. I have a family at home.

N.T., Guilty Plea Hearing, 3/22/, 21, at 7.

Since Ortiz-Cuevas never admitted his guilt in this matter, his profession of innocence in his motion to withdraw did not necessarily represent a change in circumstances. Rather, it possibly represented "buyer's remorse:" Ortiz-Cuevas's subsequent regret over the decision he made to take the ***Alford*** plea. In other words, Ortiz-Cuevas subsequently re-weighed the risks and benefits and came to a different conclusion. We cannot conclude that, under these circumstances, the trial court abused its discretion in deciding that Ortiz-Cuevas's continued profession of innocence did not provide a fair and just reason to withdraw his guilty plea by itself.

However, in addition to his claim of innocence, Ortiz-Cuevas also contends his plea was involuntarily and unknowingly entered. Specifically, he

argues the trial court coerced him into entering his *Alford* plea. Ortiz-Cuevas points out that the trial judge intimated that he would impose a sentence in excess of twenty to forty years if the jury convicted Ortiz-Cuevas of committing the charged crimes. *See* N.T., Guilty Plea Hearing, 3/22/21, at 2.

While the judge's statement, taken in isolation, could be construed as an attempt to pressure Ortiz-Cuevas to accept the proffered plea deal, the colloquy as a whole refutes that interpretation. The trial judge subsequently disclaimed any attempt at prejudging the case. *See id.* at 3. Further, during the plea colloquy, the trial judge explicitly asked Ortiz-Cuevas, "Am I forcing you to do this?" *Id.* at 8. Ortiz-Cuevas responded:

> I am not being forced, but it brought a lot of pressure onto me – being – you know, twenty to forty years is the rest of my life. I have seen people innocently convicted. I have seen it all. So I would rather take a deal, which I will still have my life when I get home if that is the case.

*Id.*

The impact of the trial judge's statement was further explored at the end of the colloquy:

> THE COURT: Has anyone forced you, threatened you, coerced you, done anything to make you accept this plea in this case?
>
> THE DEFENDANT: To be honest, Your Honor, that twenty to forty you mentioned scared me.
>
> THE COURT: Okay. Well, I can bring the jury up?
>
> THE DEFENDANT: No.

THE COURT: I need you to be clear on this. I can't have you come back at sentencing and say, I was coerced. You forced me to do it, Judge.

And if you believe that, I don't have any problem with it. I am prepared to get the jury to come upstairs. They are standing in a line downstairs.

THE DEFENDANT: My personal opinion is – it is just – yeah, I made the decision on my own free will, Your Honor.

THE COURT: I have not forced you?

THE DEFENDANT: No. No. I just had to sit down and think about it thoroughly.

N.T., Guilty Plea Hearing, 3/22/21, at 14-15.

As noted above, Ortiz-Cuevas is bound by the statements he made under oath during the plea colloquy. He explicitly denied he was being forced to accept the plea deal. Instead, he explained that he was primarily concerned with the possibility of spending the rest of his life in jail. He accepted the proffered deal in order to avoid that risk. Under these circumstances, we cannot conclude the trial court abused its discretion in finding that its comments regarding sentencing did not force Ortiz-Cuevas to accept the *Alford* plea.

Finally, Ortiz-Cuevas contends that he was not aware of the lifetime registration and reporting requirements that would be a collateral consequence of his negotiated plea. We acknowledge that the plea colloquy does not explicitly refute this argument. There is no explicit mention of registration or reporting requirements under SORNA.

Nonetheless, Ortiz-Cuevas is not entitled to relief because he does not assert that his registration requirements are punitive in nature. While Ortiz-Cuevas extensively argues that his plea is invalid due to his ignorance of the registration requirements, he relies, to his detriment, on an error contained in the trial court's opinion on appeal. The trial court erroneously claimed it imposed registration requirements under SORNA II's Subchapter I. **See** Trial Court Opinion, 9/21/21, at 11. However, it is SORNA II's Subchapter H that applies to Ortiz-Cuevas's convictions, as the underlying offenses were committed after the effective date of SORNA II – December 20, 2012.

Ortiz-Cuevas mistakenly relies on the trial court's erroneous classification in arguing before this Court:

> In its Opinion Pursuant to Rule 1925(a), the Trial Court relies on **Commonwealth v. Lacombe**, 234 A.3d 602 (Pa. 2020) in concluding that no remedy is warranted based on its failure to apprise Mr. Ortiz-Cuevas[] of the life-time registration requirements. While it is conceded that Subchapter I was the legislature's response to **Commonwealth v. Muniz**, and that the Court in **Lacombe** held that Subchapter I was not punitive in effect such that retroactive application of its provisions did not violate *ex post facto* clauses, it is nevertheless maintained that the failure of the Trial Court to apprise Mr. Ortiz-Cuevas of the life-time registration requirements [invalidated] the plea, or at the very least, significantly contributed to the totality of circumstances demonstrating that Mr. Ortiz-Cuevas did not have a full understanding of the nature and consequences of his plea.

Appellant's Brief, at 27 (internal citations and quotation marks omitted).

If Ortiz-Cuevas's registration requirements are non-punitive, then they are deemed a collateral consequence of his conviction and he need not be

aware of them before pleading guilty. *See Commonwealth v. Leidig*, 956 A.2d 399 (Pa. 2008).

Even though Ortiz-Cuevas makes no attempt to argue that the registration requirements imposed on him were punitive, we must address his issue on the merits. *See Commonwealth v. Hart*, 174 A.3d 660 (Pa. Super. 2017). There, Hart argued that he should be allowed to withdraw his *nolo contendere* plea due to the trial court's failure to follow its standard practice of informing him, on the record, of his registration requirements under SORNA I. *See id*., at 663. Neither of his issues on appeal asserted that SORNA I registration requirements were punitive. *See id*., at 664. This is unsurprising, as *Commonwealth v. Muniz*, 164 A.3d 1189 (Pa. 2017) (holding SORNA I registration requirements to be punitive in nature), was issued during the pendency of the appeal in *Hart*. *See Hart*, 174 A.3d at 666. The *Hart* panel, however, recognized the recent holding of *Muniz* and applied it while addressing Hart's issues on appeal. Based on *Muniz*, the *Hart* panel concluded that the trial court abused its discretion in denying Hart's post-sentence motion to withdraw his *nolo contendere* plea due to the trial court's failure to inform Hart of SORNA I's registration requirements. *See id*., at 668.

While we must address Ortiz-Cuevas's issue on appeal pursuant to *Hart*, we conclude *Hart* is otherwise distinguishable from this case. As noted, *Hart* dealt with SORNA I, while the registration requirements here are imposed pursuant to SORNA II, subchapter H. When *Hart* was filed, SORNA I's

- 11 -

registration requirements were clearly and unmistakably deemed to be punitive pursuant to **Muniz**. In contrast, whether SORNA II, subchapter H's registration requirements are punitive in nature is an open question. **See Commonwealth v. Thorne**, 276 A.3d 1192, 1198 (Pa. 2022).

Accordingly, we must analyze, in the first instance, whether subchapter H's registration requirements are punitive in nature. In this regard, we conclude that a recent decision of this Court is controlling. In **Commonwealth v. Wolf**, a panel of this Court refused to entertain a claim that subchapter H was punitive in nature in the absence of a developed factual record in support of that contention. **See id**., 276 A.3d 805, 813 (Pa. Super. 2022). Here, Ortiz-Cuevas has failed to present a factual record capable of supporting a conclusion that subchapter H is punitive in nature. Under these circumstances, we "will not venture beyond our Supreme Court's holding in [**Commonwealth v. Torsilieri**, 232 A.3d 567 (Pa. 2020).]" **Wolf**, 276 A.3d at 813. If, for purposes of this appeal, SORNA II's subchapter H registration requirements are not punitive, the trial court was not required to inform Ortiz-Cuevas of them before accepting his guilty plea. **See Leidig**, 956 A.2d at 406. Accordingly, Ortiz-Cuevas has failed to establish that the trial court erred in refusing to allow him to withdraw his **Alford** plea.

As we conclude none of Ortiz-Cuevas's issues on appeal merit relief, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/20/2022