**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DAQUAWN BASHIRI KING | : | |
| | : | |
| Appellant | : | No. 27 MDA 2025 |

Appeal from the PCRA Order Entered December 19, 2024
In the Court of Common Pleas of Schuylkill County Criminal Division at
No(s): CP-54-CR-0001487-2020

BEFORE: OLSON, J., LANE, J., and BENDER, P.J.E.

MEMORANDUM BY LANE, J.:             **FILED: JULY 23, 2025**

Daquawn Bashiri King ("King") appeals from the order denying his first petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1] After careful review, we affirm.

According to the affidavit of probable cause, in 2020, a police officer on patrol encountered an improperly parked vehicle — angled and facing the wrong direction — that was still running and had its lights on. The officer saw that there was a silver handgun sitting in the center console. King exited a nearby building and admitted that he had been driving the vehicle but denied that the firearm belonged to him. King consented to a search of the vehicle, during which the officer recovered several marijuana cigarettes, two

---

[1] **See** 42 Pa.C.S.A. §§ 9541-9546.

marijuana grinders, and two white wax baggies containing a white powdery substance. *See* Affidavit of Probable Cause, 7/3/20, at 1.

Following a trial, a jury found King guilty of possession of a controlled substance (fentanyl) and possession of drug paraphernalia. The court separately found King guilty of possession of a small amount of marijuana. However, the jury was deadlocked on two other charges: persons not to possess firearms, and firearms not to be carried without a license. The court declared a mistrial on the firearms charges and scheduled a new trial for those charges.[2] On the date of the rescheduled trial, King entered a plea of *nolo contendere* to those charges in Schuylkill County. Under a "Memorandum of Plea Agreement" ("plea agreement"), King agreed to an aggregate mitigated range sentence for all of the convictions of seven to fifteen years' incarceration to be served concurrently with his existing sentences in Carbon and Schuylkill Counties.[3] *See* N.T. (Guilty Plea and Sentencing), 10/24/22, at 7, 14-15; *see also* Memorandum of Plea Agreement, 10/24/22. The plea agreement further stipulated that King was not eligible for Recidivism Risk Reduction Incentive

---

[2] The trial court did not immediately sentence King on the other charges for which he was convicted by the jury, and instead deferred sentencing for those convictions pending the rescheduled trial on the firearms charges.

[3] At the time of his plea, King was serving separate sentences in Carbon and Schuylkill Counties for prior, unrelated convictions. *See* N.T., 10/24/22, at 7; *see also* Memorandum of Plea Agreement, 10/24/22.

("RRRI") for the firearms charges.[4]  **See** N.T., 10/24/22, at 7, 14-15; **see also** Memorandum of Plea Agreement, 10/24/22.

As a part of his plea agreement, King completed both written and oral colloquies.  All parties, including King and his court-appointed trial counsel, William Burke, Esquire ("Trial Counsel"), signed the written plea agreement form.  During the court's oral colloquy, King affirmed that he: (1) was satisfied with Trial Counsel's representation; (2) reviewed the questions and answers on the plea paperwork with Trial Counsel and understood them; (3) was entering his plea knowingly, voluntarily, and intelligently; and (4) was pleading no contest "because it's all concurrent with what I'm serving right now.  And to avoid the possibility of the jury not seeing what I see in the case."  **See** N.T., 10/24/22, at 2-13, 20.  Thereafter, the court sentenced King to serve an aggregate term of seven to fifteen years' incarceration, to be served concurrently to his prior sentences in Carbon and Schuylkill Counties, in accordance with the plea agreement.

King did not file any post-sentence motions but filed a notice of appeal.  On direct appeal, King's counsel[5] filed an application to withdraw and an

_____

[4] 61 Pa.C.S.A. § 4503 governs RRRI eligibility.  Section 4503 excludes defendants convicted of certain offenses from the RRRI program.  **See** 61 Pa.C.S.A. § 4503(1)-(5).  Here, the parties agreed that King was not eligible for RRRI as a part of the plea agreement.

[5] After filing the notice of appeal, Trial Counsel filed several defective motions to withdraw.  This Court remanded the matter for the appointment of new
*(Footnote Continued Next Page)*

accompanying brief pursuant to **Anders v. California**, 386 U.S. 738 (1967) identifying one issue: "Whether King's *nolo contendere* plea was knowing, voluntary, intelligent, and understanding at the time of entry of the plea?" **Commonwealth v. King**, 323 A.3d 183 (Pa. Super. 2024) (unpublished memorandum at *4). King did not respond to counsel's application to withdraw or the **Anders** brief. This Court addressed the claim and deemed it waived on direct appeal due to King's failure to move to withdraw his plea in the trial court. **See id**. (unpublished memorandum at * 6). On June 4, 2024, this Court granted counsel's application to withdraw and affirmed King's judgment of sentence. **See id**. at *7. King did not seek further review with the Pennsylvania Supreme Court.

---

counsel. The trial court appointed new counsel to represent King in this appeal.

On September 3, 2024, King filed a timely *pro se* PCRA petition,[6] his first,[7] alleging that his plea was entered unknowingly, and asserting ineffectiveness of Trial Counsel for: (1) failing to file a motion to suppress; (2) allowing him to plead *nolo contendere* to the two firearms offenses; and (3) failing to file a motion to withdraw his plea. The PCRA court appointed counsel ("PCRA counsel"), and granted leave for PCRA counsel to file an amended

---

[6] Under the PCRA, any petition must be filed within one year of the date the judgment of sentence becomes final. **See** 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of Pennsylvania, or at the expiration of time for seeking such review. **See** 42 Pa.C.S.A. § 9545(b)(3). As indicated above, this Court affirmed King's judgment of sentence, on June 4, 2024. Since King did not seek review in our Supreme Court, his judgement of sentence became final thirty days later, on July 5, 2024, when the period in which to seek an appeal expired. **See** Pa.R.A.P. 1113(a) (requiring a petition for allowance of appeal from order of this Court be filed within thirty days after entry of such order); **see also** 1 Pa.C.S.A. § 1908 (providing that whenever the last day of a period of time referred to in a statute falls on a weekend or on any legal holiday, such day shall be omitted from the computation of time). King then had one year from that date, until July 5, 2025, to file a timely PCRA petition. Thus, the instant petition, filed on September 3, 2024, is timely.

[7] We note that King filed two *pro se* PCRA petitions before his judgment of sentence became final, rendering them legal nullities. **See** 42 Pa.C.S.A. § 9545(b)(1), (3) (providing that the time for PCRA eligibility does not begin until direct review has concluded or the time for seeking such review has expired); **see also Commonwealth v. Smith**, 244 A.3d 13, 17 (Pa. Super. 2020) (explaining that "[A] premature filing [is] a legal nullity, and the PCRA court lack[s] authority to consider it"). The PCRA court did not act upon these premature filings; it neither entertained the petitions nor issued any ruling, consistent with its lack of jurisdiction. **See** Pa.R.A.P. 1701(a) (stating that "Except as otherwise prescribed by these rules, after an appeal is taken . . . the trial court . . . may no longer proceed further in the matter"). Moreover, King does not challenge the PCRA court's inaction on those petitions in this appeal.

petition if counsel deemed it necessary. PCRA counsel did not file an amended petition.

On December 19, 2024, the PCRA court conducted an evidentiary hearing at which King testified, as well as King's sister and Trial Counsel. King and his sister testified that the day after the trial court sentenced King, and he learned that his sentence would not be retroactively credited toward time already served in Schuylkill County on his other unrelated sentence, they both attempted to contact Trial Counsel numerous times to have the plea withdrawn.

In contrast, Trial Counsel testified that he thoroughly explained the plea, including the fact that King did not have time credit in Schuylkill County and the potential maximum sentences that the trial court could impose on King, and that he expressed his understanding. Furthermore, Trial Counsel testified that while King did express some dissatisfaction after sentencing, he did not provide any valid legal grounds for withdrawing the plea. *See* N.T., 12/19/24, at 45-47. Trial Counsel further testified that on October 25, 2022, the day after sentence was imposed, he discussed the matter with King, who decided not to withdraw his plea. *See id*. Additionally, Trial Counsel sent King a letter that same day confirming that he did not want to withdraw his plea. *See id*. at 11, 47-48; *see also* Letter, 10/25/24. At the conclusion of the hearing, the PCRA court denied King's petition, and entered a denial order later that same date.

King filed a timely notice of appeal. Both King and the PCRA court complied with Pa.R.A.P. 1925.

King raises the following issues for our review:

1. Whether the [PCRA] court erred in denying [King's] PCRA petition where substantial evidence was offered that [King] was confused and misled regarding his *nolo contendere* plea and that he entered the plea with the belief that he would be receiving a shorter sentence than was imposed by the court, thus rendering the plea as not knowing, voluntary and intelligent?

2. Whether the [PCRA] court erred in denying the PCRA relief where the irrefutable evidence established at the PCRA hearing is that on the day after he was sentenced, [King] immediately communicated with . . . [T]rial [C]ounsel to file a motion to withdraw the plea, and [T]rial [C]ounsel failed to do so?

King's Brief at 4 (unnecessary capitalization omitted).

When reviewing a denial order entered by the PCRA court, our standard of review is as follows:

Our review of a PCRA court's decision is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error. We view the findings of the PCRA court and the evidence of record in a light most favorable to the prevailing party. . . . The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions[.]

***Commonwealth v. Mason***, 130 A.3d 601, 617 (Pa. 2015) (citations omitted).

In his first issue, King argues that his *nolo contendere* plea was not knowingly, intelligently, and voluntarily entered because he was confused and misled, believing that he would receive a shorter sentence than the one

- 7 -

imposed. The PCRA encompasses claims that arise where a guilty plea is unlawfully induced. **See** 42 Pa.C.S.A. § 9543(a)(2)(iii) (stating relief is available under the PCRA where "the conviction or sentence resulted" from "[a] plea of guilty unlawfully induced where the circumstances make it likely that the inducement caused the petitioner to plead guilty and the petitioner is innocent").

Nonetheless, to be entitled to relief, the PCRA petitioner must plead and prove that the allegation of error has not been previously litigated or waived. **See** 42 Pa.C.S.A. § 9543(a)(3). An issue is previously litigated if the highest appellate court in which the petitioner could have had review as of right has ruled on the merits of the issue. **See Commonwealth v. Spotz**, 18 A.3d 244, 281 (Pa. 2011); **see also Commonwealth v. Fowler**, 930 A.2d 586, 593 (Pa. Super. 2007) (stating that issues decided on direct appeal may not be relitigated in a PCRA petition). An issue is deemed waived if the petitioner could have raised it but failed to do so before trial, at trial, or on a direct appeal. **See** 42 Pa.C.S.A. § 9544(b); **see also Commonwealth v. Santiago**, 855 A.2d 682, 691 (Pa. 2004) (explaining that even waived claims can be previously litigated where they were addressed on the merits).

King's entire argument on this issue consists of boilerplate case law. *See* King's Brief at 12-15.[8]  King further requests this Court to "direct that that [he] be permitted to withdraw his plea and proceed to trial." *Id*. at 19 (unnecessary capitalization omitted).

Upon review, we conclude that King is not entitled to relief, as the issue he raises has been previously litigated.  *See* 42 Pa.C.S.A. § 9544(a)(2).  The record reflects that King did not file a post-sentence motion to withdraw his plea.  Instead, he attempted to challenge the voluntariness of his *nolo contendere* plea for the first time on direct appeal.  This Court determined that King had waived this claim by failing to first raise it in the trial court.  *See* *King*, 323 A.3d 183.  Accordingly, as King's first issue was previously litigated, the PCRA court properly denied relief.

In his second issue, King argues that Trial Counsel was ineffective for not moving to withdraw the plea after sentencing.  It is well settled that,

> Counsel is presumed effective.  To succeed on a claim asserting the ineffective assistance of counsel, as is raised here, a petitioner must rebut that presumption by pleading and proving, by a preponderance of the evidence, three elements: (1) the underlying claim has arguable merit; (2) counsel had no reasonable basis for his or her action or inaction; and (3) the petitioner suffered prejudice as a result of counsel's action or

---

[8] We further note with disapproval that, in contrast to the distinct and separate issues set forth in his statement of questions involved, King has attempted to provide legal standards related to his second issue when purporting to "discuss" his first issue.  *See* Pa.R.A.P. 2119(a) (requiring that the argument section of an appellate brief shall be divided into parts corresponding to each question presented, with each part containing a distinct heading and supported by discussion and citation of pertinent authorities).

inaction. If a petitioner fails to satisfy any one of the three elements, [his] claim fails.

***Commonwealth v. Rizor***, 304 A.3d 1034, 1051 (Pa. 2023) (some citations omitted). "Counsel cannot be found ineffective for failing to pursue a baseless or meritless claim." ***Commonwealth v. Poplawski***, 852 A.2d 323, 327 (Pa. Super. 2004) (citation omitted).

A counsel's failure to file a post-sentence motion, even if requested to do so, is not *per se* ineffectiveness. ***See Commonwealth v. Reaves***, 923 A.2d 1119, 1132 (Pa. 2007) (concluding that PCRA petitioner required to establish actual prejudice where counsel's alleged deficiency stemmed from failure to move for reconsideration of sentence). Thus, a petitioner bears the burden of pleading and proving that trial counsel's failure to file a post-sentence motion prejudiced him. ***See Commonwealth v. Liston***, 977 A.2d 1089, 1092 (Pa. 2009). A post-sentence motion to withdraw a guilty plea is governed by Pa.R.Crim.P. 720(B)(1)(a)(i), which requires a showing that withdrawal is necessary to correct a manifest injustice. ***See Commonwealth v. Muhammad***, 794 A.2d 378, 383 (Pa. Super. 2002). Manifest injustice may be established if the plea was entered involuntarily, unknowingly, or unintelligently. ***See Commonwealth v. Pollard***, 832 A.2d 517, 522 (Pa. Super. 2003). However, "[a] defendant who enters a guilty plea is bound by the statements he makes in open court while under oath and he may not later assert grounds for withdrawing the plea which contradict the statements he

made at his plea colloquy." *Commonwealth v. Turetsky*, 925 A.2d 876, 881 (Pa. Super. 2007).

King contends that Trial Counsel provided ineffective assistance by ignoring his instruction to file a post-sentence motion to withdraw his guilty plea the day after sentencing, and Trial Counsel's failure to act deprived him of the opportunity to challenge the plea. *See* King's Brief at 18. According to King, he misunderstood the nature of his sentence because he did not believe at any point during the plea process "that he was going to be serving a fresh 7–15 year sentence" commencing on the date the sentence was imposed. *Id*. at 17. King explains that he wanted to withdraw his plea "because he had only been informed *after* the sentencing that the 7-15 years was beginning on that day." *Id*. (emphasis in original). King asserts that he never agreed that Trial Counsel should not withdraw the plea. King further asserts that he did not receive Trial Counsel's letter confirming that King agreed not to withdraw the plea until several weeks later. King argues that the PCRA court erred in rejecting this claim because irrefutable evidence established that he directed Trial Counsel to file a motion to withdraw his plea the day after sentencing, and Trial Counsel's failure to act constitutes ineffective assistance.

At the evidentiary hearing, the PCRA court heard testimony and made the following credibility determinations:

> [King] alleges that he told [Trial Counsel] that he wanted to withdraw his plea. [Trial Counsel] acknowledges this and explained to [King] that if [he] were to be found guilty by a jury

- 11 -

that the sentence could be far greater. [King] withdrew his request. [King] has no credibility on this issue.

[King] alleges that he and his sister later timely repeatedly tried to contact [Trial Counsel] to have the plea withdrawn. This testimony is not credible. [King's] plea was entered as a jury was waiting to hear the case. The plea was in accord with the sentence [King] received and was in the mitigated range.

[King] alleges that he would have been allowed to withdraw his plea if [Trial Counsel] would have filed the motion to withdraw the plea timely. . . . In the case at bar, [King] was not credible. The testimony of [Trial Counsel] (and even [King]) bolster the fact that [King] voluntarily, knowingly, and intelligently, entered a plea in the mitigated range, far less than he otherwise would have received. [King] knew what *nolo contendere* meant. He knew it had the same effect as a guilty plea. He was simply disappointed in the ultimate result, even though it was in accord with the plea agreement and had been thoroughly explained to him by the court and by [Trial Counsel]. He gave [Trial Counsel] no valid reason to withdraw the plea. He complains that he was expecting RRRI on all his sentences, when it specifically stated on his [plea agreement], that he signed and was reiterated to him in court, that there would be no RRRI. This further belies his credibility. [King] would not have and should not have been granted a motion to withdraw his post-sentence plea. [Trial Counsel] was not ineffective — he was competent and served [King] well. There was no manifest injustice in the least.

PCRA Court Opinion, 5/8/23, at 7-10 (unnecessary capitalization, citations and quotations marks omitted).

The record supports the PCRA court's findings and credibility determinations, which therefore merit deference. *See Mason*, 130 A.3d at 617. Trial Counsel testified that while King initially expressed interest in withdrawing his plea, he subsequently changed his mind and instructed counsel not to proceed. Furthermore, Trial Counsel sent King a letter confirming that King did not wish to withdraw his plea. The PCRA court

credited Trial Counsel's testimony, finding it consistent and credible. In contrast, the PCRA court found King's testimony to be self-serving and not credible. The PCRA court found that King failed to present credible evidence suggesting that his plea was anything but knowing, voluntary, and intelligent. The plea colloquy was thorough and complete. King stated under oath that he understood the nature of the charges, the maximum possible penalties, and the rights he was waiving. He further affirmed that he was satisfied with Trial Counsel's performance and had not been coerced into pleading guilty. *See Turetsky*, 925 A.2d at 881.

Moreover, King failed to address whether the underlying claim had arguable merit, whether counsel's inaction lacked a reasonable basis, or whether he suffered prejudice. *See Rizor*, 304 A.3d at 1051. This omission alone is fatal to his claim. *See id*.; *see also Commonwealth v. Fears*, 86 A.3d 795, 804 (Pa. 2014) (explaining that where the petitioner "fails to meaningfully discuss each of the three ineffectiveness prongs, he is not entitled to relief, and we are constrained to find such claims waived for lack of development"). Even assuming King had asked Trial Counsel to file a post-sentence motion, such a failure is not *per se* ineffective assistance. *See Reaves*, 923 A.2d at 1132. King has not shown that any basis existed to withdraw the plea, let alone that a court would have found manifest injustice warranting withdrawal. *See Poplawski*, 852 A.2d at 327. Indeed, the PCRA court concluded that if counsel had filed the motion, the court would have

denied it. Therefore, King cannot establish prejudice. The record fully supports the PCRA court's determination, which is free of legal error; therefore, we affirm the order denying King's PCRA petition. **_See Rizor_**, 304 A.3d at 1051.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/23/2025